James W. McCARTY,
Plaintiff–Appellant,

v.

UNITED STATES of America,
Defendant–Appellee.

No. 90–1627
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 30, 1991.

James W. McCarty, Dallas, Tex., pro se.

Gary R. Allen, Chief, Joel A. Rabinovitz, Robert S. Pomerance, Appellate Section, Tax Div., Dept. of Justice, Washington, D.C., and Marvin Collins, U.S. Atty., Dallas, Tex., for defendant-appellee.

Before JOHNSON, SMITH and WIENER, Circuit Judges.

PER CURIAM:

As an issue of first impression in this circuit we consider here a possible waiver of sovereign immunity in a tax case pursuant to 28 U.S.C. § 2410. The instant suit concerns the government's seizure of funds and property in satisfaction of federal tax liabilities owed by Plaintiff–Appellant James W. McCarty. In his appeal McCarty claims that the district court had jurisdiction over all issues, that it erred in treating the government's motion to dismiss as a motion for summary judgment, and that it erred in granting summary judgment in favor of the government. As we agree with the findings and holdings of the district court, we affirm.

I.

In May, 1989, the Criminal Investigation Division (CID) of the Internal Revenue Service (IRS) executed a search warrant at McCarty's jewelry store. The property seized included books and records, checks, coins, currency, and a gun. The collection branch of the IRS levied on the property to collect McCarty's unpaid taxes for 1974–1976.

Following the seizure and levy McCarty filed this complaint seeking to "Quiet Title and Return of Property." In his complaint

McCarty alleged that he had earned no taxable income, that he had not received a notice of deficiency, that he had not received a notice of assessment or demand for payment, that the statute of limitations for collecting the tax had run, and that the tax was not properly assessed from a procedural standpoint. He alleged that the court had jurisdiction under 28 U.S.C. §§ 1331, 1340, 1361, 2463, and that the government had waived sovereign immunity under 28 U.S.C. §§ 2410, 2463, 5 U.S.C. § 702, and 26 U.S.C. § 6213(a).

The government filed a motion to dismiss, arguing that the district court lacked subject matter jurisdiction because the United States had not waived its sovereign immunity. McCarty filed a motion for summary judgment. In response to McCarty's motion the government submitted a postal form showing that it sent a notice of deficiency by certified mail; "Certificates of Assessment" showing that the tax was assessed, notice of assessment was given, and the assessments remained unpaid; a copy of a final notice of intent to levy with a copy of the receipt indicating McCarty received the notice; and a notice of levy. McCarty's motion to strike this evidence was denied.

The district court granted the government's motion to dismiss in part and granted summary judgment for the government on the remaining issues. In so doing the court dismissed for lack of subject matter jurisdiction McCarty's challenges of the validity of the tax assessments against him. It held, however, that it did have jurisdiction over the remaining claims, then found that the evidence submitted by the government established that the IRS had satisfied the procedural prerequisites to levy on the property. The district court also held that the statute of limitations on the collection of the tax had not run, and that McCarty could not challenge the validity of the search warrant in these proceedings because the warrant had been issued pursuant to a criminal investigation. McCarty filed a timely notice of appeal.

## II.

On appeal, McCarty argues that the United States waived its sovereign immunity and that the court thus had subject matter jurisdiction over all issues under litigation in this suit. He also argues that a valid assessment does not exist, and that the district court relied on inadmissible evidence. Finally, he argues that the district court improperly granted summary judgment for the government without giving him adequate notice.

### A.

McCarty argues that the district court had subject matter jurisdiction over his entire complaint because the United States waived its sovereign immunity under 28 U.S.C. §§ 2410(a) and 2463, 26 U.S.C. § 7426, or 5 U.S.C. § 702.

■ The United States is immune from suit unless it consents to be sued. *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976). Waivers of sovereign immunity are narrowly read and cannot be construed to extend or narrow the waiver granted by Congress. *Estate of Johnson*, 836 F.2d 940, 943 (5th Cir.1988).

■ 28 U.S.C. § 2410(a) provides a limited waiver of sovereign immunity. *Id.* at 943. This court has not addressed whether a taxpayer may rely on the waiver in § 2410 as a basis for jurisdiction to challenge a federal tax lien. In *Johnson*, however, we stated in dictum that "we are not nearly so confident that taxpayers can use section 2410(a) *only* to challenge the procedural validity of tax liens." *Id.* at 945 (emphasis in original). This statement implies that a taxpayer can rely on § 2410(a) to challenge the procedural validity of a tax lien.

Other jurisdictions that have addressed the issue permit a taxpayer to challenge the procedural validity of a federal tax lien under § 2410. *See Robinson v. United States*, 920 F.2d 1157, 1161 (3d Cir.1990); *Schmidt v. King*, 913 F.2d 837, 839 (10th Cir.1990); *Elias v. Connett*, 908 F.2d 521, 527 (9th Cir.1990); *Pollack v. United*

*States,* 819 F.2d 144, 145 (6th Cir.1987); *Aqua Bar & Lounge, Inc. v. United States,* 539 F.2d 935, 939–40 (3d Cir.1976). A taxpayer may not, however, challenge the merits of the underlying assessment. *Robinson,* 920 F.2d at 1161; *Schmidt,* 913 F.2d at 839, *Elias,* 908 F.2d at 528; *Pollack,* 819 F.2d at 145; *Aqua Bar,* 539 F.2d at 939–40. The merits of the assessment refers to "the liability for the amount, if any, of tax due." *Robinson,* 920 F.2d at 1161. The taxpayer cannot contest the existence or validity of the tax assessment in an action under § 2410. *Id.*

The district court correctly held that it did not have jurisdiction over McCarty's claims that he did not earn any taxable income, that the IRS did not file a valid assessment, and that the statute of limitations had run on his liability of the taxes. The district court also correctly held that it did have jurisdiction over the claims that the government failed to follow the correct procedures for filing a lien. *See Elias,* 908 F.2d at 527–28.

■ The remaining sections cited by McCarty also do not provide a basis for jurisdiction. A taxpayer cannot rely on § 2463 to contest the right of the IRS to levy upon his property to collect a tax assessment. *See Morris v. United States,* 303 F.2d 533, 535 (1st Cir.), *cert. denied,* 371 U.S. 827, 83 S.Ct. 48, 9 L.Ed.2d 66 (1962). Section 7426 is limited by its terms to actions brought by persons other than the taxpayer. 26 U.S.C. § 7426(a)(1); *United Sand & Gravel Contractors, Inc. v. U.S.,* 624 F.2d 733, 735 (5th Cir.1980). Finally, although 5 U.S.C. § 702 provides a general waiver of sovereign immunity, it does not confer jurisdiction if a more specific statute bars the requested relief. The Anti–Injunction Act, 26 U.S.C. § 7421(a), and the tax exception clause of the Declaratory Judgment Act, 28 U.S.C. § 2201, bar the relief sought and therefore § 702 does not provide a basis for jurisdiction over McCarty's challenge to the validity of the assessment. *See Smith v. Booth,* 823 F.2d 94, 97–98 (5th Cir.1987).

**B.**

■ After finding that it had jurisdiction only over McCarty's claims challenging the procedural validity of the IRS's levy, the district court granted summary judgment in favor of the government on those claims. McCarty argues that the district court improperly converted the government's motion to dismiss into a motion for summary judgment without giving him a notice or an opportunity to respond. We disagree, finding that the grant of summary judgment for the government was proper.

■ If one party moves for summary judgment, the court *sua sponte* may grant summary judgment for the nonmoving party provided all of the procedural safeguards of Rule 56 are followed. *British Caledonian Airways v. First State Bank,* 819 F.2d 593, 595 (5th Cir.1987). McCarty moved for summary judgment on February 12, 1990. The government responded to the motion on March 13 with evidence establishing that McCarty had received notice of the deficiency, an assessment and demand for payment, and notice of intent to levy. On April 27 the district court denied McCarty's motion to strike the government's evidence, and on June 7 granted summary judgment for the government. McCarty had sufficient opportunity to refute the government's evidence but failed to do so. The district court's action was proper.

■ McCarty also argues that the district court abused its discretion by failing to permit him to complete discovery before granting summary judgment for the government. Rule 56 does not require that discovery take place before granting summary judgment. *See Washington v. Allstate Ins. Co.,* 901 F.2d 1281, 1285 (5th Cir.1985). To be entitled to discovery the party must demonstrate "how the additional time will enable him to rebut the movant's allegations of no genuine issue of fact." *Id.* at 1286 (quoting *Weir v. Anaconda Co.,* 773 F.2d 1073, 1078 (10th Cir. 1985)). It is not sufficient to allege that discovery is incomplete or that it will produce needed but unspecified facts. *Id.* at 1284–85.

McCarty's proposed discovery was a request for admissions that addressed whether the IRS had properly recorded the assessments on the tax rolls. The information sought was not relevant to the issues before the court and would not have produced facts to refute the government's evidence that it satisfied the procedural prerequisites to levy on McCarty's property. The district court did not act improperly by granting summary judgment for the government without requiring the government to respond to McCarty's discovery request.

C.

Review of the district court's grant of summary judgment is de novo. *Weyant v. Acceptance Ins. Co.*, 917 F.2d 209, 212 (5th Cir.1990). Summary judgment is appropriate when, considering all of the facts in the pleadings, depositions, admissions, answers to interrogatories, and affidavits and drawing all inferences in the light most favorable to the nonmoving party, there is no genuine issue of fact. *Newell v. Oxford Management Inc.*, 912 F.2d 793, 795 (5th Cir.1990). We find that the district court's grant of summary judgment in favor of the government was appropriate.

Before the IRS may file a lien against a taxpayer's property it must send the taxpayer a notice of deficiency. 26 U.S.C. § 6212(a). The taxpayer then has 90 days to file a petition for redetermination with the tax court. 26 U.S.C. § 6213(a). If the taxpayer does not file a petition in the tax court, the IRS makes an assessment, *see* 26 U.S.C. § 6213(a), and sends a notice of demand and payment to the taxpayer, 26 U.S.C. § 6302(a). If the taxpayer fails to pay, the IRS may file a lien against the taxpayer's property. 26 U.S.C. § 6301.

On appeal McCarty concedes that he received a notice of deficiency in December, 1984. Additionally, the government submitted a copy of postal form 3877 showing that it sent McCarty the notice of deficiency on December 10, 1984. Section 6212 does not require the IRS to prove that McCarty received the notice, only that it was mailed to his "last known address."

*See Jones v. United States,* 889 F.2d 1448, 1450 (5th Cir.1989).

The government also submitted "Certificates of Assessment and Payments" for each taxable year indicating that McCarty had received notice of the assessment and demand for payment. These forms are admissible under the Federal Rules of Evidence. *See G.M. Leasing Corp. v. U.S.,* 514 F.2d 935, 941 n. 5 (10th Cir.1975), *rev'd in part on other grounds,* 429 U.S. 338, 97 S.Ct. 619, 50 L.Ed.2d 530 (1977); *see also Brafman v. U.S.,* 384 F.2d 863, 866 & n. 5 (5th Cir.1967). Additionally, McCarty received a final notice of intent to levy on December 14, 1987. McCarty came forward with no evidence to dispute the government's proof that it had followed the statutory procedures before levying on his property, and the district court properly granted summary judgment in favor of the government.

The district court correctly held that it had jurisdiction over McCarty's claims challenging the procedural validity of the government's levy on his property. It also was correct in granting summary judgment for the government.

AFFIRMED.