974 F.2d 1343
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Brendan TRAINOR, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 90-16486.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 19, 1992.*
Decided Sept. 9, 1992.
 
 Appeal from the United States District Court for the District of Nevada; No. CV-89-00531-HDM, Howard D. McKibben, District Judge, Presiding.
 AFFIRMED.
 Before WIGGINS, O'SCANNLAIN and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Brendan Trainor appeals the district court's dismissal of his pro se complaint against the United States. Trainor alleges that the Internal Revenue Service (IRS) levied upon his property in violation of his rights under the Fourth, Fifth, and Seventh Amendments. The district court found it lacked subject matter jurisdiction and it dismissed Trainor's complaint. We affirm.
 
 
 3
 Trainor does not rely upon any statute which grants the district court subject matter jurisdiction over his suit.[1] The procedural framework by which a taxpayer may challenge an assessment by the IRS is provided in 26 U.S.C. §§ 7421 et seq. A taxpayer may challenge an assessment or collection by paying the disputed amount owed and filing a claim for a refund or credit with the Secretary of the Treasury. Only if that claim for a refund has been rebuffed may a taxpayer maintain an action "in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected...." 26 U.S.C. § 7422(a). Section 7422(a) is a jurisdictional prerequisite to suit: unless the taxpayer has filed an administrative claim for a refund, the district court may not hear the suit. United States v. Freedman, 444 F.2d 1387 (9th Cir.), cert. denied, 404 U.S. 992, 92 S.Ct. 538, 30 L.Ed.2d 544 (1971).
 
 
 4
 The bases cited by Trainor as creating jurisdiction fail to overcome section 7122's "pay first, litigate later" jurisdictional limitation. See Flora v. United States, 362 U.S. 145, 150, 80 S.Ct. 630, 633, 4 L.Ed.2d 623 (1960). First, 28 U.S.C. § 2463 is not a waiver of sovereign immunity so as to provide a basis for jurisdiction over a taxpayer's challenge to a tax assessment. McCarty v. United States, 929 F.2d 1085, 1088 (5th Cir.1991); Lonsdale v. United States, 919 F.2d 1440, 1443-44 (10th Cir.1990). Nor is 28 U.S.C. § 1331 or 28 U.S.C. § 1340 a proper basis for jurisdiction. McCarty, 929 F.2d at 1088; Lonsdale, 919 F.2d at 1441; Voluntary Purchasing Groups, Inc. v. Reilly, 889 F.2d 1380, 1385 (5th Cir.1989).
 
 
 5
 Trainor's allegations do not except this action from the "pay first, litigate later" procedural framework of the tax code. Since Trainor has failed to cure this jurisdictional defect, he has not stated a cognizable legal claim. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.1990). Thus, the district court did not err by dismissing Trainor's action.[2]
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Trainor was informed of the complaint's deficiencies and given an opportunity to amend. Noll v. Carlson, 809 F.2d 1446, 1449 (9th Cir.1987)
 
 
 [2]
 Because the district court found that it lacked subject matter jurisdiction, Trainor's argument that it erroneously considered inadmissible evidence is irrelevant, and, in any event, without merit. We have specifically held that the "4340 forms," which Trainor argues are inadmissible hearsay, are admissible as public records. Hughes v. United States, 953 F.2d 531, 539-40 (9th Cir.1992)