McKAY, Chief Judge.
Petitioner Robert J. Fostvedt commenced this suit seeking judicial review of certain actions and decisions of the Internal Revenue Service and its agents with respect to the agency’s pre-assessment procedures for his unpaid income taxes for the years 1982, 1984, and 1985. Petitioner alleges that Respondents violated his constitutional rights by (1) failing to timely respond to his request for technical advice, (2) denying him an appeals conference, (3) failing to publish its field organization and final delegations of authority in the Federal Register, and (4) keeping records classifying him as an “illegal tax protester” in violation of the Privacy Act.
In his petition for review, Petitioner seeks to have the court compel the IRS to submit his request for technical advice, abate the notice of-deficiency, and hold an appeals conference. In addition, he asks that the court declare the actions of the agency to be arbitrary, capricious, an abuse of discretion and unconstitutional, and enjoin the agency from further action against Petitioner until it has complied with his requests.
Respondents moved for dismissal pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction, or in the alternative; pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. The district court granted Respondents’ motion and dismissed Petitioner's action for lack of subject matter jurisdiction. We review the question of a district court’s subject matter jurisdiction de novo, Redmon ex rel. Redmon v. United States, 934 F.2d 1151, 1155 (10th Cir. 1991), and we affirm.[1]
I. Jurisdiction
The United States may not be sued without its consent. United States v. Dalm, 494 U.S. 596, 608, 110 S.Ct. 1361, 1368, 108 L.Ed.2d 548 (1990). Such a waiver of sovereign immunity must be strictly construed in favor of the sovereign and may not be extended beyond the explicit language of the statute. Ruckelshaus v. Sierra Club, 463 U.S. 680, 685, 103 S.Ct. 3274, 3278, 77 L.Ed.2d 938 (1983). “It long has been established, ... that the United States, as sovereign, ‘is immune from suit save as it *1203 consents to be sued ... and the terms of its consent to be sued in any. court define that court’s jurisdiction to entertain the suit.’ ” United States v. Testan, 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976) (quoting United States v. Sherwood, 312 U.S. 584, 586, 61 S.Ct. 767, 770, 85 L.Ed. 1058 (1941)). A waiver of sovereign immunity cannot be implied, but must be explicitly expressed. United States v. King, 395 U.S. 1, 4, 89 S.Ct. 1501, 1502-03, 23 L.Ed.2d 52 (1969).
Petitioner asserts that the court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction), 1340 (jurisdiction over actions arising under the Internal Revenue Code), and 1361 (jurisdiction of actions in the nature of mandamus). Lonsdale v. United States, 919 F.2d 1440, 1444 (10th Cir.1990). These are statutes conferring general jurisdiction and “[sjovereign immunity is not waived by general jurisdictional statutes.” Id.[2]
The burden is on the taxpayer to find and prove an “explicit waiver of sovereign immunity.” Lonsdale, 919 F.2d at 1444. Petitioner contends that the right of judicial review provision of the Administrative Procedure Act, 5 U.S.C. § 702, when coupled with a grant of general jurisdiction, creates a waiver of sovereign immunity in this case. We do not agree. First, the APA does not create an independent-grant of jurisdiction for the review of agency actions. Eagle-Picher Indus., Inc. v. United States, 901 F.2d 1530, 1532 (10th Cir.1990). Second, § 702 clearly disclaims any effect on existing limitations on the court’s power to grant relief.
Section 702 reads in pertinent part:
A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party____ Nothing herein (1) affects other limitations on judicial review or the power or duty of the court to dismiss any action or deny relief on any other appropriate legal or equitable ground; or (2) confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought.
Although disguised as a procedural challenge, the essence of Petitioner’s action is an attempt to delay and/or prevent the IRS from assessing and collecting the income tax deficiencies and penalties due because of Petitioner’s failure to file income tax returns for the years in question. See James v. United States, 970 F.2d 750, 753-54 (10th Cir.1992).[3]
Actions in the nature of Petitioner’s suit are prohibited by the Anti-Injunction Act, 26 U.S.C. § 7421(a), and the tax exception provision of the Declaratory Judgment Act, 28 U.S.C. § 2201. Section 7421(a) provides that no suit to restrain the assessment or collection of any tax shall be maintained. In addition, the Declaratory Judgment Act specifically prohibits declaratory judgments in matters relating to federal taxes. See 28 U.S.C. § 2201; Flora v. United States, 362 U.S. 145, 164, 80 S.Ct. 630, 640, 4 L.Ed.2d 623 (1960).[4]
Contrary to Petitioner’s assertions, § 702 of the APA does not override the *1204 limitations of the Anti-Injunction Act and the Declaratory Judgment Act. See McCarty v. United States, 929 F.2d 1085, 1088 (5th Cir.1991). It is clear that the Anti-Injunction Act and the Declaratory Judgment Act are part of a specific statutory framework intended by Congress as limitations not negated by the APA. See Lonsdale, 919 F.2d at 1444 (§ 702 does hot provide authority to grant relief where other statutes forbid the relief sought). The legislative history of the 1976 amendment to § 702 specifically states that the revision is to have no affect on the limitations and prohibitions of the Anti-Injunction and Declaratory Judgment Acts. H.R.Rep. No. 1656, 94th Cong., 2d Sess. 12, reprinted in 1976 U.S.C.C.A.N. 6121, 6132-33. Therefore, because we agree that Petitioner has failed to find and prove an explicit waiver of sovereign immunity in this case, we conclude that the district court was correct in dismissing Petitioner’s action for lack of subject matter jurisdiction.[5]
II. Sanctions
Respondents have requested sanctions be imposed on Petitioner for a frivolous appeal pursuant to 28 U.S..C. § 1912 and Fed. R.App.P. 38. See Casper v. Commissioner, 805 F.2d 902, 906 (10th Cir.1986). Petitioner has had an opportunity to respond in his reply brief. See Braley v. Campbell, 832 F.2d 1504, 1510 (10th Cir.1987). Although Petitioner has a history of appeals in this court in which he has raised tax collection issues, we decline to impose sanctions in this case. However, in the event Petitioner should attempt to raise these, same issues again, sanctions may be considered proper.
The judgment of the United States District Court for the District of Colorado is AFFIRMED.

. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

. Subject matter jurisdiction over internal revenue actions is provided by 28 U.S.C. § 1340. However, this grant does not constitute a waiver of sovereign immunity. Guthrie v. Sawyer, 970 F.2d 733, 735 (10th Cir.1992).

. We note that in Petitioner’s complaint, he claims to have no ties whatsoever with the United States. R.Vol. I, doc. 20 at 2-3. He claims that he is a "Citizen of the State of Texas,” and that the hospital he was born in is located on land which was never deeded to the United States. Id. at 2.

. There are statutory and judicial exceptions to the prohibitions of both statutes. See, e.g., 26 U.S.C. §§ 6212(c)(1) and 6213(a); 26 U.S.C. § 7428; Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962). However, Petitioner has failed to bring himself within any of the exceptions, and thus, none are applicable here. The district court must dismiss, for lack of subject matter jurisdic *1204 tion, any suit that does not fall within one of the exceptions. Alexander v. "Americans United," Inc., 416 U.S. 752, 757-58, 94 S.Ct. 2053, 2056-57, 40 L.Ed.2d 518 (1974).

. Because we agree that the district court lacked subject matter jurisdiction, we do not reach the merits of Petitioner’s additional claims.