John HALKIAS, et al., Plaintiffs,

v.

GENERAL DYNAMICS CORPORATION, Defendant.

Nos. 4:92–CV–860–A, 4:93–CV–042–A.

United States District Court,
N.D. Texas,
Fort Worth Division.

March 5, 1997.

Arthur John Brender, Law Office of Art Brender, Fort Worth, TX, for John Halkias, Dawn Dee Bryant, Barry Jackson, Barbara McGrath, Samuel D. Carlson, Charles McQuistion, Richard Wolf, Jonathan S. Grant, Roberta Sanchez, Shelia Adams, Robert Ellison, Mark Bober, Billie Halkias, James Anthony Cureington.

Paul David Inman, Karl G. Nelson, Gibson Dunn & Crutcher, Dallas, TX, for General Dynamics Corp.

*MEMORANDUM OPINION and ORDER*

McBRYDE, District Judge.

Came on for consideration the motion of defendant, General Dynamics Corporation, for summary judgment. The court, having considered the motion, the response of plaintiffs, Dawn Dee Bryant, Barry Jackson, and others similarly situated, the record, the summary judgment evidence, and applicable authorities, finds that the motion should be granted. Defendant has demonstrated that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law that plaintiffs take nothing on their claims against defendant. Specifically, defendant has demonstrated that the mass

layoff of plaintiffs was caused by business circumstances that were not reasonably foreseeable as of the time that notice would have been required. 29 U.S.C. § 2102(b)(2)(A). Further, defendant gave as much notice as was practicable. 29 U.S.C. § 2102(b)(3).

## I.

### Nature of the Case

On May 3, 1993, the court signed an order granting plaintiffs' motion for class certification and defining the class as:

Each person (i) who has been an employee of General Dynamics Corporation, (ii) who, at the time of the termination of his or her employment for General Dynamics Corporation, was not represented by a union, (iii) who, at the time was employed at either the Fort Worth, Texas, plant or the Tulsa, Oklahoma, plant of General Dynamics Corporation, (iv) whose employment was involuntarily terminated between the dates January 7, 1991, and March 1, 1991, and (v) who did not receive written notice of his or her termination of employment at least sixty (60) days' prior to such termination.

Plaintiffs seek recovery under the Worker Adjustment and Retraining Notification Act of 1988 ("WARN"), 29 U.S.C. §§ 2101–09. They allege that defendant failed to provide them with 60 days' written notice as required by 29 U.S.C. § 2102 prior to the commencement of a mass layoff in January and February 1991.

## II.

### Motion for Summary Judgment

Defendant urges one ground in support of its motion for summary judgment—that cancellation of the A–12 program on January 7, 1991, was not reasonably foreseeable as of early November 1990. Therefore, as a matter of law, it complied with the notice requirements of WARN.

## III.

### Summary Judgment Principles

A party is entitled to summary judgment on all or any part of a claim as to which there is no genuine issue of material fact and as to which the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). The moving party has the initial burden of showing that there is no genuine issue of material fact. *Anderson*, 477 U.S. at 256, 106 S.Ct. at 2514. Once the moving party has carried its burden under Rule 56(c), the non-moving party must do more than merely show that there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). The party opposing the motion may not rest on mere allegations or denials of pleading, but must set forth specific facts showing a genuine issue for trial. *Anderson*, 477 U.S. at 248, 256, 106 S.Ct. at 2510, 2514. To meet this burden, the nonmovant must "identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s][its] claim[s]." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S.Ct. 195, 130 L.Ed.2d 127 (1994). An issue is material only if its resolution could affect the outcome of the action. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. Unsupported allegations, conclusory in nature, are insufficient to defeat a proper motion for summary judgment. *Simmons v. Lyons*, 746 F.2d 265, 269 (5th Cir.1984).

The standard for granting a summary judgment is the same as the standard for a directed verdict. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). If the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. *Matsushita*, 475 U.S. at 597, 106 S.Ct. at 1361–62.

## IV.

### Undisputed Summary Judgment Evidence

The facts listed by defendant in support of its motion are essentially undisputed.[1] Summary judgment evidence establishes: On

---

1. Areas of disagreement are discussed in succeeding footnotes.

January 13, 1988, the Department of the Navy awarded defendant and McDonnell Douglas Corporation a contract to develop a radically new generation of carrier-based, medium attack aircraft referred to as the A–12. By order dated December 14, 1990, the Secretary of Defense advised the Navy that the A–12 program was in "serious trouble" and directed the Navy "to show cause by January 4, 1991, why the Department should not terminate the A–12 program." Defendant became aware of the notice late that day. By letter dated December 17, 1990, the Navy notified defendant that the government considered its performance on the A–12 program "unsatisfactory" and that unless specified conditions were cured by January 2, 1991, the government might terminate for default. In response, defendant issued, on December 20, a special bulletin to all employees, which provided:

> As you are aware, General Dynamics was recently notified that the A–12 program is threatened with cancellation—possibly as early as 2 January 1991—because the customer considers us to be in default of the contract. We do not believe we are in default. We are discussing the situation with the Navy and the office of the Secretary of Defense to attempt to develop a mutually satisfactory basis for continuation of this vital national defense program.
>
> We have identified approximately 4,000 employees throughout the division who may be laid off if the program is canceled. These individuals will receive a letter tomorrow that serves as an early warning that they may lose their jobs. Please understand, the letters tomorrow will be warnings only. We don't know if the program will be canceled. I assure you that we are doing everything we can to resolve the difficulties and continue our work on the A–12. We will keep you informed of further developments.
>
> I sincerely regret, very much, that this is happening, especially in the holiday season, but want employees who may be affected to know the facts as early as possible.

The following day, defendant delivered notices to each potentially affected individual employee that read as follows:

> As you undoubtedly know, the Secretary of Defense on Friday, December 14, 1990, directed [that] an extensive review of the A–12 Program be conducted. The Secretary has ordered the United States Navy to show cause by January 4, 1991, why the Program should not be canceled. In this context the United States Navy has notified General Dynamics that unless certain alleged deficiencies in its performance are cured by January 2, 1991, the A–12 contract might be canceled. A cancellation of the program would make 60–days notice of termination of employment infeasible. Such a cancellation would affect all employees at the Fort Worth Division. Therefore, you should be prepared for the potential of a permanent reduction in force and your termination anytime after January 2, 1991.
>
> If you are a former hourly employee, you may have regression options.
>
> We regret that we cannot be more definitive in what the future holds. We will, however, keep you advised as we learn more.
>
> If you have any questions or require further information, please contact your supervisor or W.F. Schlegel, manager of salaried compensation, at (817) 777–2670.

In order to issue the thousands of notices required, defendant's personnel worked long hours to identify which employees might actually be laid off in the event of cancellation of the A–12 program. In determining which employees might be laid off, defendant engaged in a comprehensive evaluation of the comparative performance histories of highly skilled employees throughout its organization.[2] As expressed in the notices, defendant hoped that the A–12 program would not be canceled. Defendant tended to believe that the program would not be canceled because the program had passed an October 18, 1990, critical design review and Navy officials en-

---

**2.** Plaintiffs dispute whether this procedure was necessary. They do not dispute that defendant

engaged in the procedure.

thusiastically expressed support for the program both before and after the show cause and cure notices.[3] Nevertheless, on January 7, 1991, the Secretary of Defense announced his decision to terminate the contract.

## V.

### Requirements of WARN and Plaintiffs' Attempts to Raise an Issue for Trial

■ WARN requires a business that employs more than 100 workers to provide at least 60 days' written notice before a plant closing or mass layoff. 29 U.S.C. § 2102. Its purpose is to protect workers, their families and communities by providing notice so that workers who will be terminated may seek other jobs or retraining. *Halkias v. General Dynamics Corp.*, 31 F.3d 224, 233 (5th Cir.1994), *vacated*, 56 F.3d 27 (5th Cir. 1995). An exception to the notice requirement exists where a layoff is "caused by business circumstances that were not reasonably foreseeable as of the time that notice would have been required." 29 U.S.C. § 2102(b)(2)(A).

■ Plaintiffs cannot deny that their layoffs were caused by the decision of the Secretary of Defense to cancel the A–12 program. The only issue is whether cancellation of the program could have been reasonably foreseen prior to mid-December 1990. In response to the motion for summary judgment, plaintiffs offer nothing but speculation that notice of the layoffs should have been given at an earlier date. They advocate, without any legal authority to support their position, that notice under WARN must be given whenever an employer has some vague notion that something bad might happen. In so doing, they completely overlook the precise nature of the notice required to be given. *See* 20 C.F.R. § 639.7.

Plaintiffs seek to create a fact issue by relying on materials introduced at earlier trials in similar WARN cases. Collateral estoppel, however, is not as broad a doctrine as plaintiffs represent. *Parklane Hosiery Co. v. Shore* does not stand for the proposition that the court must give plaintiffs the benefit of selected evidentiary findings in a similar-type case while disregarding findings not favorable to them. 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979).

*Parklane Hosiery* does not suggest that plaintiffs can rely on testimony offered during other proceedings against defendant in support of their opposition to defendant's pending motion for summary judgment. Rule 56 refers to "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any" as being proper summary judgment evidence. *Fowler v. Smith*, 68 F.3d 124, 126 (5th Cir. 1995). Nevertheless, even assuming that the court is required to accept as true the testimony of plaintiffs' expert in another case and that such testimony has been properly authenticated, the testimony fails to raise a genuine issue of material fact in this case. The testimony of Dr. Lawrence Korb, quoted at pages 29 and 30 of plaintiffs' response, merely reflects that defendant knew, by October 1990, that if it did not pass the Defense Acquisition Board in December, the project would not go forward. The inference that defendant knew in October that the project would be canceled is so weak that it fails to raise a genuine issue for trial in light of the overwhelming evidence that the layoff was not reasonably foreseeable until mid-December 1990. Likewise, the fact that defendant's CEO, Stanley Pace, acknowledged that he knew of an earlier aircraft project cancellation would not lead a reasonable factfinder to conclude that defendant knew before mid-December 1990 that its project would be canceled.

Plaintiffs further argue, without any authority, that defendant should not have taken the time to determine which employees would be retained, but should have given notice to all employees of their potential termination. WARN requires, however, that notice be given only to "affected employees." 29 U.S.C. § 2102(a). "Affected employees"

---

3. Plaintiffs object that statements by Navy officials regarding the A–12 program recited in the declaration of John Lamers are hearsay. As defendant notes, however, the statements are not offered for the truth of the matters asserted. Rather, the simple fact that the statements were made caused defendant reasonably to believe that the A–12 program would not be canceled.

are those who may reasonably be expected to experience an employment loss as a consequence of a mass layoff. 29 U.S.C. § 2101(a)(5). Neither the statute nor regulations restrict an employer's discretion in determining which employees will be affected. The summary judgment record establishes without genuine dispute that defendant gave as much notice as was practicable, and included in the notice a brief statement for reducing the notification period.

Plaintiffs argue that reasonable foreseeability cannot be determined by a motion for summary judgment.[4] Yet they do not offer any evidence to raise a genuine issue of material fact as to reasonable foreseeability. Instead, they argue that they "should be afforded an opportunity to collect, develop, and present their own evidence to the jury." Plaintiffs' Response at 27. Summary judgment is appropriate in cases where reasonability is in question. *See. e.g., Stout v. Borg-Warner Corp.,* 933 F.2d 331 (5th Cir.), *cert. denied,* 502 U.S. 981, 112 S.Ct. 584, 116 L.Ed.2d 609 (1991); *Oil Chemical & Atomic Workers Int'l Union v. American Home Prod. Corp.,* 790 F.Supp. 1441, 1451–53 (N.D.Ind.1992). None of the cases cited by plaintiffs concerns a summary judgment situation. *See, e.g., Western American., Inc. v. Aetna Casualty & Sur. Co.,* 915 F.2d 1181 (8th Cir.1990) (evidence did not justify jury verdict); *Nunez v. Superior Oil Co.,* 572 F.2d 1119 (5th Cir.1978) (federal law governs whether a party is entitled to a jury trial). But, the case most in point notes that if there is evidence of such quality and weight that reasonable minds might reach different con-

clusions, then a jury issue exists. *Lowe v. Pate Stevedoring Co.,* 558 F.2d 769, 772 (5th Cir.1977). Here, plaintiffs have not come forward with such evidence.

## VI.

### *Request for Continuance*

■■■ Plaintiffs seek a continuance so that they might "obtain critical and relevant depositions and other discovery necessary to adequately respond" to defendant's motion. Plaintiffs' Response to Defendant's Motion for Summary Judgment at 7.[5] Plaintiffs argue that they "simply have not been afforded an opportunity to conduct the discovery required." *Id.* at 8–9. However, summary judgment may be granted at any time; and, there is no requirement that discovery take place before granting summary judgment.[6] *McCarty v. United States,* 929 F.2d 1085, 1088 (5th Cir.1991); *Washington v. Allstate Ins. Co.,* 901 F.2d 1281, 1285 (5th Cir.1990). In any event, plaintiffs cannot simply rely on vague assertions that additional discovery will produce needed but unspecified facts. *International Shortstop, Inc. v. Rally's, Inc.,* 939 F.2d 1257, 1267 (5th Cir.1991), *cert. denied,* 502 U.S. 1059, 112 S.Ct. 936, 117 L.Ed.2d 107 (1992). Instead, plaintiffs must specifically show how the requested discovery will defeat summary judgment and demonstrate that they have diligently pursued such discovery. *Id.* As the Fifth Circuit has noted, because the burden on one opposing summary judgment is not heavy, he must conclusively justify the need for more discovery. *Union City Barge Line. Inc. v. Union*

---

**4.** Plaintiffs note as significant the denial of motions for summary judgment in *Loehrer v. McDonnell Douglas Corp.,* No. 4–91 CV 01747, slip op. (E.D.Mo. Oct. 14, 1995), *aff'd,* 98 F.3d 1056 (8th Cir.1996), and *International Ass'n of Machinists v. General Dynamics Corp.,* 821 F.Supp. 1306 (E.D.Mo.1993). The motion in *Loehrer* was not considered prior to trial, but was simply carried with the case and denied after trial. The record does not reflect what materials were before the trial court in *Machinists* when defendant's motion for summary judgment was denied.

**5.** Contrary to the requirements of Local Rule 2.1(d) & (e), plaintiffs' response does not reflect that it contains a separate motion for continu-

ance. Nor is there a certificate of conference reflecting that plaintiffs' counsel conferred with counsel for defendant to determine whether such a motion would be opposed. *See* Local Rule 5.1(c).

**6.** Thus, there is no merit to plaintiffs' argument that they should be entitled to conduct discovery through the date set by the court's scheduling order for discovery cutoff before being required to respond to a motion for summary judgment. In any event, the deadline set by the scheduling order does not reflect the court's assessment of the minimum time needed for discovery. Rather, a deadline is necessary because some attorneys would otherwise doubtless be taking depositions the day before trial.

*Carbide Corp.*, 823 F.2d 129, 137 (5th Cir. 1987). Plaintiffs state, in their response and in the affidavit of Art Brender, attached as Exhibit 3 to the response, that they may need the depositions of former Secretary of Defense Richard Cheney and of William Schlegel. They do not specify, however, the facts they expect to prove by such depositions. Nor do they explain what they hope to glean from the voluminous documents produced in prior litigation of WARN claims.[7] In sum, they simply have not met their Rule 56(f) burden.

## VII.

### *ORDER*

The court ORDERS that defendant's motion for summary judgment be, and is hereby, granted; that plaintiffs take nothing on their claims against defendant; and that such claims be, and are hereby, dismissed with prejudice.

### *FINAL JUDGMENT*

In accordance with the court's memorandum opinion and order of even date herewith,

The court ORDERS, ADJUDGES, and DECREES that plaintiffs take nothing on their claims against defendant, General Dynamics Corporation, and that such claims be, and are hereby, dismissed with prejudice. The court further ORDERS, ADJUDGES, and DECREES that defendant have and recover its court costs from plaintiffs, jointly and severally.

---

7. Plaintiffs do not indicate when they plan to start their review of the documents or why they have not already undertaken such review.