# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30329
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 19, 2016

Lyle W. Cayce
Clerk

CYRIL J. HARVEY, JR.; DORIS D. HARVEY,

      Plaintiffs - Appellants

v.

INTERNAL REVENUE SERVICE, Unknown Agent of LOUISIANA DEPARTMENT OF REVENUE, Tim Barfield, Secretary; JON A. GEGENHEIMER, Jefferson Parish Clerk of Court and Recorder of Mortgages,

      Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:15-CV-5983

Before STEWART, Chief Judge, and JOLLY and JONES, Circuit Judges.

PER CURIAM:*

      Plaintiffs-Appellants filed a petition for writ of mandamus in Louisiana state court seeking an order compelling the Internal Revenue Service ("IRS") and other government agencies to produce documents proving their tax

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

liabilities.[1] The IRS and other named defendants removed the suit to federal district court and moved to dismiss Plaintiffs-Appellants' claims pursuant to the Anti–Injunction and Declaratory Judgment Acts. The district court granted the motion to dismiss and remanded Plaintiffs-Appellants' remaining state law claims, declining to exercise supplemental jurisdiction. For the following reasons, we affirm.

## I. Facts & Procedural History

According to Plaintiffs-Appellants Cyril J. Harvey, Jr. and Doris D. Harvey, they received letters and notices from unknown agents of the IRS, the Louisiana Department of Revenue ("LDR"), and others stating that they had failed to file "a Form 1040 Tax Return or Return for the referenced years, 2005 through 2013, and need to do so." The Harveys responded to the IRS and LDR by "asking for verified and signed assessment[s] in order to substantiate the alleged claims being made." The Harveys aver that they "agreed to pay when the agencies verified their claims," but both agencies "failed to reply and continued to the next phase of the collection process."

Subsequently, in October 2015, the Harveys filed a petition for writ of mandamus in state court in Jefferson Parish, Louisiana, naming as defendants the IRS (through an unknown agent), the LDR (through Secretary Tim Barfield), and the Jefferson Parish Clerk of Court and Recorder of Mortgages (Jon Gegenheimer) (collectively, "Defendants-Appellees"). The petition sought an order compelling Defendants-Appellees to furnish proof of the Harveys' outstanding tax liabilities for the years 2005 through 2013. Additionally, the Harveys requested that Defendants-Appellees be ordered to: (1) furnish specific requested information pursuant to the Uniform Commercial Code, (2)

---

[1] To date, Plaintiffs-Appellants have appeared *pro se* in all proceedings related to this suit.

No. 16-30329

lift any state tax assessments, liens, levies and garnishments, (3) restore their damaged credit and revoked state license eligibilities, (4) cease all collection and enforcement of their taxes, and (5) pay damages, court costs and attorney's fees.

Defendants-Appellees removed the case to federal district court pursuant to 28 U.S.C. § 1442 and then moved to dismiss the suit under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim upon which relief could be granted. *See* Fed. R. Civ. P. 12(b)(1),(6). In March 2016, the district court granted Defendants-Appellees' motion to dismiss pursuant to Rule 12(b)(1) for lack of jurisdiction, stating that "[t]he purpose of Plaintiffs' lawsuit is plainly to prevent the Internal Revenue Service from collecting taxes owed by Plaintiffs[,]" thus the suit was "barred by the Anti–Injunction Act and Declaratory Judgment Act." *See* Fed. R. Civ. P. 12(b)(1). Additionally, because it had dismissed all claims over which it had original jurisdiction, the district court declined to exercise supplemental jurisdiction over the Harveys' remaining state law claims and remanded the suit to Louisiana state court. *See* 28 U.S.C. § 1367(c)(3).

The Harveys filed this appeal.

## II. Standard of Review

We conduct a de novo review of a district court's dismissal under both Rules 12(b)(1) and 12(b)(6). *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008). "[I]n examining a Rule 12(b)(1) motion, a district court is empowered to find facts as necessary to determine whether it has jurisdiction." *Machete Prods., L.L.C. v. Page*, 809 F.3d 281, 287 (5th Cir. 2015) (citation omitted). "[W]e review a district court's refusal to exercise supplemental jurisdiction under [28 U.S.C.] § 1367 for abuse of discretion." *Heggemeier v. Caldwell Cnty.*, 826 F.3d 861, 872 (5th Cir. 2016) (citation omitted).

No. 16-30329

## III. Discussion

Our review of the record and the applicable law indicates that all relief sought by the Harveys in federal court is barred by the Anti–Injunction Act, 26 U.S.C. § 7421(a), and the tax exception clause of the Declaratory Judgment Act, 28 U.S.C. § 2201. *See McCarty v. United States*, 929 F.2d 1085, 1088 (5th Cir. 1991). The Anti–Injunction Act provides in relevant part that, absent application of a statutory exception,[2] "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a). Likewise, the tax exception clause of the Declaratory Judgment Act prevents federal courts from granting declaratory relief and remedies with respect to federal taxes. 28 U.S.C. § 2201(a).

Consequently, we hold that the district court properly dismissed the Harveys' non-state law claims for lack of jurisdiction. Moreover, because "[d]istrict courts enjoy wide discretion in determining whether to retain supplemental jurisdiction over . . . state claim[s] once all federal claims are dismissed," we conclude that the district court did not err in remanding the Harveys' remaining state law claims. *See Heggemeier*, 826 F.3d at 872.

## IV. Conclusion

For the aforementioned reasons, the district court's judgment granting Defendants-Appellants' motion to dismiss and remanding Plaintiffs-Appellants' remaining state law claims is affirmed.

---

[2] There is no evidence in the record that Plaintiffs-Appellants would qualify for entitlement to a statutory exception under this section.

4