FILED
United States Court of Appeals
Tenth Circuit

October 18, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JANET L. WALCOTT,

     Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

     Defendant - Appellee.

No. 18-1491
(D.C. No. 1:15-CV-02630-MSK-STV)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **EID**, **BALDOCK**, and **CARSON**, Circuit Judges.
_____

Janet Walcott appeals the district court's grant of summary judgment to the

government on her claim that the Internal Revenue Service (IRS) failed to send her

the required notices of deficiency before it levied on her income to collect taxes and

penalties.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

## I. BACKGROUND

We construe the facts in the light most favorable to Ms. Walcott, the party opposing summary judgment. *See Alpenglow Botanicals, LLC v. United States*, 894 F.3d 1187, 1198 n.7 (10th Cir. 2018), *cert. denied*, 139 S. Ct. 2745 (2019).[1] This case involves tax liabilities and penalties for Ms. Walcott's tax returns for tax years 2002 to 2011. The IRS also collected penalties for filing a frivolous tax return. Before the IRS could assess and levy on the taxes and penalties, it was required to send Ms. Walcott notices of deficiency, which she claimed she did not receive.

In 2012 and 2014, the IRS issued notices of levy to collect monies from Ms. Walcott's retirement account. Pursuant to the 2012 levy, the IRS collected Ms. Walcott's taxes for 2002 through 2005 and 2007. The levy also erroneously attached retirement payments for Ms. Walcott's 2006 taxes, but the IRS subsequently released the levy. The 2014 levy applied to monies owed for tax years 2006, 2009, 2010, and 2011, and erroneously collected funds based on both initial and revised assessments. Again, after the error was noted, the funds incorrectly collected were released.

Ms. Walcott's amended complaint asserted three claims: (1) to enjoin the IRS from continuing the levies, (2) for a determination that the IRS had improperly

---

[1] We liberally construe Ms. Walcott's pro se filings. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). We do not, however, "take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id.* Moreover, "pro se parties [must] follow the same rules of procedure that govern other litigants." *Id.* (internal quotation marks omitted).

collected funds because it had failed to provide her with the notices of deficiency required by 26 U.S.C. § 6212, and (3) for a refund of surplus proceeds, pursuant to 26 U.S.C. § 6342, as well as damages, pursuant to 26 U.S.C. § 7433. The district court granted the government's motion to dismiss the first and third claims, holding that Ms. Walcott's request for injunctive relief was mooted when the IRS released all of its levies against her retirement payments and that she had failed to exhaust administrative remedies with respect to her surplus-proceeds claim. Ms. Walcott does not challenge these rulings in her opening brief, so we deem them abandoned or waived, and we do not consider them. *See Coleman v. B-G Maint. Mgmt. of Colo., Inc.*, 108 F.3d 1199, 1205 (10th Cir. 1997) ("Issues not raised in the opening brief are deemed abandoned or waived."). The district court granted summary judgment to the government on Ms. Walcott's remaining claim alleging that the IRS failed to send the required notices of deficiency for several tax years and therefore could not collect taxes and penalties for those years.

On appeal Ms. Walcott argues the district court erred when it (1) found that the IRS had provided sufficient evidence that it had sent the notices of deficiency, (2) failed to construe her filings as constructively amending her complaint to include a claim for a refund of the frivolous-filing penalties, and (3) refused to impose discovery sanctions.

## II.    DEFICIENCY NOTICES

The requirements for deficiency notices are as follows. Before it can assess liability for unpaid taxes, "[t]he IRS must send a deficiency notice to the taxpayer's

3

last known address by certified mail or registered mail . . . . The IRS satisfies this obligation if it mails the notice to the taxpayer's last known address, even if the taxpayer does not actually receive the notice." *Cropper v. Comm'r*, 826 F.3d 1280, 1285 (10th Cir. 2016) (citation and internal quotation marks omitted). If, however, "the IRS fails to prove that it properly mailed a deficiency notice, any tax assessment based on that notice is invalid." *Id.*; *see also* 26 U.S.C. § 6213(a) (requiring IRS to notify taxpayer of deficiency and permit timely petition for redetermination before assessing tax liability).

A taxpayer may respond to a deficiency notice by filing a petition for redetermination of the deficiency with the Tax Court, which halts an assessment of the tax deficiency until the Tax Court rules. § 6213(a). But if the taxpayer does not file a petition, the IRS can make a deficiency assessment 90 days after the notice was mailed. *Id.* Ms. Walcott did not file a Tax Court petition.

To satisfy its burden, the government must show that the deficiency notice existed and was mailed to the taxpayer. *Cropper*, 826 F.3d at 1285. Such a showing creates a presumption of proper mailing, which the taxpayer must rebut with clear and convincing evidence. *Id.*

Here, the government conceded that notices of deficiency were required for tax years 2005 to 2011.[2] Ms. Walcott contends the government failed to show that it had

_____

[2] In her statement of relevant facts, Ms. Walcott claims the IRS records do not show that notices of deficiency were issued for tax years 2002 to 2004. The district court held that such notices were not required, and Ms. Walcott does not argue that they were. Therefore, she has waived or abandoned any claim that deficiency notices

4

sent the notices of deficiency required by § 6212, and therefore, she was entitled to a refund of the taxes collected by levy, pursuant to § 6213(a). The government produced a witness who testified at a deposition and introduced copies of the deficiency notices and PS Forms 3877—the certified mail logs indicating that the notices of deficiency were mailed to Ms. Walcott. There were two notices of deficiency: one covered tax years 2005 to 2007 and the other covered tax years 2008 to 2011.

"The IRS is entitled to a rebuttable presumption of proper mailing if it (1) establishes the existence of a notice of deficiency and (2) produces a properly completed PS Form 3877 certified mail log." *Cropper*, 826 F.3d at 1285 (brackets and internal quotation marks omitted). The government provided copies of the two relevant deficiency notices, thus showing that the notices existed. *See id.* at 1286 (stating proof that notice of deficiency exists is established by providing a copy of the notice). In addition, the PS Forms 3877 were entitled to the presumption that the notices were mailed because they showed "that (1) the IRS sent the notices to Ms. Walcott's address via certified mail; (2) the certified-mail tracking numbers; (3) date stamps from the Postal Service indicating [the dates] the IRS delivered the notice[s] to the post office . . .; (4) the number of pieces surrendered to the Postal Service; and (5) the signatures of the postal employees receiving the notices."

were required for those tax years. *See Coleman*, 108 F.3d at 1205 ("Issues not raised in the opening brief are deemed abandoned or waived.").

R. Vol. 3, at 124-25; *see also Cropper*, 826 F.3d at 1286 (indicating that these criteria, if met, will establish the presumption).

Once the government established the presumption that the notices were mailed to her, the burden shifted to Ms. Walcott "to rebut the presumption by clear and convincing evidence," *Cropper*, 826 F.3d at 1285 (internal quotation marks omitted). Ms. Walcott did not dispute that the address to which the notices were sent was her address. Nor did she produce evidence to rebut the government's showing that the notices were sent. Therefore, the district court correctly concluded that the government met its burden to show that the IRS had provided Ms. Walcott with the notices of deficiency required by § 6212.

Ms. Walcott challenges this conclusion by claiming that the government's evidence was inadmissible hearsay. "We review [the district court's] evidentiary ruling[s] for abuse of discretion and will not reverse if the . . . ruling falls within the bounds of permissible choice in the circumstances and is not arbitrary, capricious or whimsical." *Payan v. United Parcel Serv.*, 905 F.3d 1162, 1171 (10th Cir. 2018) (internal quotation marks omitted).[3]

---

[3] To the extent Ms. Walcott's arguments implicate the district court's summary judgment ruling, "[w]e review a district court's grant of summary judgment de novo," *Alpenglow Botanicals*, 894 F.3d at 1198 n.7 (internal quotation marks omitted). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "On appeal, we examine the record and all reasonable inferences that might be drawn from it in the light most favorable to the non-moving party." *Alpenglow Botanicals*, 894 F.3d at 1198 n.7 (internal quotation marks omitted).

Ms. Walcott appears to claim that all of the IRS records were inadmissible hearsay. This court has rejected the argument that IRS certificates of assessment are inadmissible hearsay. *Long v. United States*, 972 F.2d 1174, 1181 (10th Cir. 1992); *see also United States v. Fletcher*, 322 F.3d 508, 518 (8th Cir. 2003) (holding IRS records of assessments or liens levied against taxpayers are admissible under the public records and reports exception to the hearsay rule); *Hughes v. United States*, 953 F.2d 531, 539 (9th Cir. 1992) (holding IRS certificates of assessments qualify under the public records exception); *McCarty v. United States*, 929 F.2d 1085, 1089 (5th Cir. 1991) (holding certificates of assessment and payments "are admissible under the Federal Rules of Evidence"). In addition, a PS Form 3877 was held to be "admissible into evidence as a record of a regularly conducted activity," where the taxpayer did not dispute "that the form was prepared in compliance with the Internal Revenue Manual." *United States v. Ahrens*, 530 F.2d 781, 784 (8th Cir. 1976); *accord United States v. Zolla*, 724 F.2d 808, 810 (9th Cir. 1984) (holding PS Forms 3877 "are highly probative, and are sufficient, in the absence of contrary evidence, to establish that the notices and assessments were properly made").

Ms. Walcott did not offer any evidence to challenge the government's evidence or to support her hearsay claim. As the district court noted, an evidentiary objection "is not a substitute for the production of evidence." R. Vol. 3, at 125. Based on the authorities cited above, we see no reason in this case to find the notices of deficiency to be inadmissible hearsay. Ms. Walcott has not identified other allegedly inadmissible documents relevant to the issues on appeal. Therefore, the

7

district court did not abuse its discretion by admitting into evidence the documents discussed herein.

Ms. Walcott also argues that the government relied on certificates of assessments and payments that contradicted the contention that any deficiency notices had ever been issued. She relies on some of the exhibits pertaining to the tax years in question to assert that for most years, nothing in the relevant certificate indicated that a notice of deficiency had been issued. But she does not address the fact that the government provided copies of the deficiency notices. Consequently, we reject this argument. *See Cropper*, 826 F.3d at 1286 (stating proof that notice of deficiency exists is established by providing a copy of the notice).

Ms. Walcott further complains that the district court failed to determine whether the amount collected by the levies matched the amount claimed to be owed. But this is irrelevant to the issue preserved for appeal: whether the notices of deficiency existed and were mailed to her. *See* R. Vol. 3, at 125 n.3 (stating "the issue before the Court is narrowly limited to whether there were Notices of Deficiency given").

## III. CONSTRUCTIVE AMENDMENT

Ms. Walcott contends the district court erred by not construing her filings as amending her complaint to include a claim for a refund of the frivolous-filing penalties the IRS collected. She maintains that the government consented to this amendment by addressing the frivolous-filing penalties in its summary judgment motion and reply.

8

Ms. Walcott claimed in her opposition to the government's motion for summary judgment that even if deficiency notices were not required before assessing the frivolous-filing penalties, "other laws do apply," and the government failed to show compliance with them. R. Vol. 3, at 25. She further alleged the government failed "to satisfy its statutory burden of proof under [26 U.S.C.] § 6703." *Id.* In a footnote describing the procedural background, she alleged that she had "made it known to defendant that she is seeking a recovery/refund of the [frivolous-filing] penalties" and that "the normal administrative refund claim requirement under [26 U.S.C.] § 7422 would not apply." *Id.* at 3 n.2. She renews these arguments on appeal.

The government responds that it did not consent to an amendment whereby Ms. Walcott sought a refund of the frivolous-filing penalties. Rather, its argument regarding the penalties was that no notice of deficiency was required before the IRS could levy on them. We need not determine whether the government consented, explicitly or implicitly, to the addition of a claim to recover the frivolous-filing penalties because Ms. Walcott's filing was inadequate to seek an amendment.

Ms. Walcott did not file a motion to amend. Her vague, cursory claims presented in her opposition to summary judgment were insufficient to alert the court and the government that she was attempting to amend her complaint to add a claim for a refund of the frivolous-filing penalties. Indeed, the district court observed that "Ms. Walcott has expressly eschewed proceeding on a claim under § 7422 [for a refund]." *Id.* at 121 n.1.

9

While the court should freely give leave to amend when justice requires an amendment, Fed. R. Civ. P. 15(a), a plaintiff seeking to amend a complaint "must give adequate notice to the district court and to the opposing party of the basis of the proposed amendment before the court is required to recognize that a motion for leave to amend is before it," *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186-87 (10th Cir. 1999). "Without this information the district court is not required to recognize, let alone grant, a motion to amend." *Hall v. Witteman*, 584 F.3d 859, 868 (10th Cir. 2009).

Ms. Walcott also did not file a post-judgment motion to reopen the case to allow the district court to consider her proposed amendment. "If a party seeks to amend a pleading following the court's grant of [summary judgment], the party must first move to reopen the case under Fed. R. Civ. P. 59(e) or 60(b) and then file a motion under Fed. R. Civ. P. 15 for leave to amend which gives adequate notice of the basis for the proposed amendment." *Requena v. Roberts*, 893 F.3d 1195, 1208 (10th Cir. 2018), *cert. denied*, 139 S. Ct. 800 (2019) (ellipsis and internal quotation marks omitted). Therefore, the district court properly did not recognize Ms. Walcott's attempt to amend her complaint.

## IV. DISCOVERY SANCTIONS

Finally, Ms. Walcott argues that the district court should have imposed sanctions on the government for failing to provide her the discovery she had requested. She alleges the government failed (1) to timely disclose the names of witnesses, particularly those who certified IRS records; (2) to disclose its intent to

10

rely on certified records; (3) to designate in writing any witness in response to her organizational deposition notice; and (4) to produce any assessment officer for deposition. In addition, she complains that the district court did not rule on her claim that the government's witness testified as an expert witness, in violation of the expert-witness disclosure requirements of Fed. R. Civ. P. 26(a)(2). A magistrate judge determined that the issue was not whether the government had complied with the discovery requirements but, rather, whether the challenged evidence would be admissible. Consequently, the magistrate judge declined to exclude the evidence, but allowed Ms. Walcott to propound additional interrogatories.

Ms. Walcott relies on Fed. R. Civ. P. 37(c)(1), which provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (c), the party is not allowed to use that information or witness to supply evidence on a motion . . . unless the failure was substantially justified or is harmless." "The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court. A district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (citation and internal quotation marks omitted).

Even assuming the government improperly failed to identify witnesses and failed to designate as an expert the witness who was deposed, these failures were harmless. *See id.* As discussed above, the evidence creating the presumption that the deficiency notices existed and were mailed to Ms. Walcott were copies of the

11

deficiency notices and the properly completed PS Form 3877 certified mail logs. Ms. Walcott has not explained why these records, recognized as sufficient to create the presumption of mailing, were insufficient, were expert opinion evidence, or required additional witnesses to be identified. Moreover, Ms. Walcott has failed to show how she was prejudiced by the alleged discovery failures. *See Neiberger v. Fed Ex Ground Package Sys., Inc.*, 566 F.3d 1184, 1191-92 (10th Cir. 2009) (finding no abuse of discretion in the district court's refusal to impose discovery sanctions where plaintiff "failed to show how she was prejudiced" by the alleged discovery deficiency); *see also HCG Platinum, LLC v. Preferred Prod. Placement Corp.*, 873 F.3d 1191, 1200 (10th Cir. 2017) (stating prejudice to the party against whom the testimony is offered is among the factors a district court should consider in deciding whether to impose a Rule 37(c) sanction). Thus, we conclude that the district court did not abuse its discretion in refusing to exclude evidence under Rule 37(c).

## V. CONCLUSION

We affirm the district court's summary judgment in the government's favor.

Entered for the Court


Allison H. Eid
Circuit Judge

12