**J.C. HAWKINS, et al., Plaintiffs,**

v.

**The UPJOHN COMPANY, et al., Defendants.**

No. 6:94cv12.

United States District Court, E.D. Texas, Tyler Division.

Sept. 29, 1994.

See also 890 F.Supp. 601.

Michael Douglas Mosher, David Christian Read, Hytken & Mosher, L.L.P., Jim D. Lovett, Jim D. Lovett & Associates, Paris, TX, for plaintiffs.

George Richard Grainger, Grainger Howard Davis & Ace, Tyler, TX, Marie S. Woodbury, Andrew See, Shook Hardy & Bacon, Kansas City, MO, for Upjohn Co., Robert Straw.

Steven MacArthur Mason, Asst. U.S. Atty., Tyler, TX, for Paul Leber.

Barbara Pilo, Fowler Wiles Norton & Keith, Dallas, TX, Adele Baker, Wright Robinson McCammon Osthimer & Tatum, Washington, DC, for Judith K. Jones.

Robert E. Scott, Semmes, Bowen & Semmes, Baltimore, MD, Joseph Anthony Turano, Bryan J. Maedgen, Strasburger & Price, Dallas, TX, Stephen S. McCloskey, Semmes, Bowen & Semmes, Baltimore, MD, for Mitchell B. Balter, E.H. Uhlenhuth.

John Anthony Scully, Cowles & Thompson, Dallas, TX, Don Wayne Kent, Cowles & Thompson, Tyler, TX, Charles F. Preuss, Preuss Walker & Shanagher, San Francisco, CA, for William C. Dement.

Walter Thomas Henson, Ramey & Flock, Tyler, TX, Jonathan B. Tropp, Thomas J. Groark, Jr., Day Berry & Howard, Hartford, CT, for Robert Purpura.

Otis W. Carroll, Jr., Ireland Carroll & Kelley, Tyler, TX, George Joseph, Kirkland & Ellis, Chicago, IL, for Harold Decker.

George Monroe Kryder, III, Fletcher L. Yarbrough, James E. Coleman, Jr., Carrington Coleman Sloman & Blumenthal LLP,

Dallas, TX, for Steven Scheve, Shook, Hardy & Bacon.

## ORDER

STEGER, District Judge.

### I. *Background*

On February 17, 1994, defendant Upjohn in the above-entitled and numbered civil action filed a motion to dismiss count II of plaintiffs' complaint for failure to state a claim upon which relief can be granted. Defendant Upjohn claims that plaintiffs' count II attempts to state a cause of action for violation of the Food, Drug, and Cosmetic Act, 21 U.S.C. 301 *et seq.* ("FDCA"), but fails because the FDCA does not create any cause of action for private individuals. Plaintiffs assert that their claim is independent of the FDCA and states a cause of action under state law.

### II. *Legal Standard for Motion to Dismiss*

■ Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the court to dismiss a claim on the basis of dispositive law. *Neitzke v. Williams,* 490 U.S. 319, 326, 109 S.Ct. 1827, 1832, 104 L.Ed.2d 338 (1989). The motion to dismiss for failure to state a claim is viewed with disfavor, and is rarely granted. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir.1982), *cert. denied,* 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 953 (1983). In reviewing a 12(b)(6) motion, the court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. *O'Quinn v. Manuel,* 773 F.2d 605, 608 (5th Cir.1985). Rule 12(b)(6) does not countenance dismissals based on disbelief of a complaint's factual allegations. *Neitzke,* 490 U.S. at 327, 109 S.Ct. at 1832–33. However, "[c]onclusory allegations and unwarranted deductions of fact are not admitted as true." *Associated Builders, Inc. v. Alabama Power Co.,* 505 F.2d 97, 100 (5th Cir.1974) (citing *Ward v. Hudnell,* 366 F.2d 247 (5th Cir.1966)).

### III. *Analysis*

The relevant portion of count II of plaintiffs' complaint reads, "[t]he Defendants conspired to put Halcion and Xanax on the market in the United States, and they conspired to keep these two drugs on the market illegally. Plaintiffs ... were injured as a result of this conspiracy." Plaintiffs' Original Complaint ¶ 84. Defendant asserts that plaintiffs lack standing to bring such a claim. This is because a conspiracy is only actionable if the acts in question, when committed by a single person, would also be actionable. Defendant further alleges that the acts complained of in count II are simply violations of the FDCA, the act which comprehensively regulates the marketing of prescription drugs in the United States, and that the FDCA does not create a private right of action for enforcement by private individuals such as plaintiffs.

To the extent that plaintiffs were attempting to assert a cause of action under the FDCA, defendant would be correct. However, defendant misunderstands the nature of the allegations in count II. Although count II is vague and poorly-worded, when read in the context of the entire complaint, it states two causes of action independent of federal law: (1) conspiracy to commit fraud and (2) conspiracy to market an unreasonably dangerous product.

#### A. Conspiracy to Commit Fraud

■ The fraud in question, as recited at length in the preceding eighty-three paragraphs of the complaint, was allegedly perpetrated by defendants' repeated and concerted efforts to manufacture and withhold evidence regarding the drugs at issue from the Food and Drug Administration ("FDA"). These misrepresentations were allegedly made with the dual purpose of inducing the FDA to approve marketing of the drugs and inducing potential consumers of the drugs to purchase them. These allegations are a sufficient basis for a claim of conspiracy to commit fraud by plaintiffs. The elements of fraud under Texas law are "1) a material misrepresentation was made; 2) it was false; 3) the speaker knew it was false when made; 4) the representation was made that it should be acted upon by the other party; 5) the other party acted in reliance on it; and 6) the other party suffered injury." *Jackson v. Speer,*

974 F.2d 676, 679 (1992); *Walker v. FDIC,* 970 F.2d 114 (5th Cir.1992); *Boggan v. Data Systems Network Corp.,* 969 F.2d 149 (5th Cir.1992).

The only element arguably lacking in plaintiffs' complaint is that of plaintiffs' acting in reliance on the material misrepresentation, since there is no allegation that plaintiffs relied *directly* on any representation made by defendants. However, the allegation of indirect reliance is clear. Plaintiffs assert that the FDA relied on defendants' representations in permitting the distribution of the drugs in question within the United States and that plaintiffs' relied on the FDA's assessment as to the drugs' safety in choosing to use the drugs. Such indirect reliance is sufficient to state a claim of fraud.

> The maker of a fraudulent misrepresentation is subject to liability for pecuniary loss to another who acts in justifiable reliance upon it if the misrepresentation, although not made directly to the other, is made to a third person and the maker intends or has reason to expect that its terms will be repeated or its substance communicated to the other, and that it will influence his conduct in the transaction or type of transaction involved.

Restatement (Second) of Torts § 533. *See also id.,* Comment f (when a party makes a misrepresentation to a credit rating company for the purposes of obtaining credit, a creditor who relied on the resulting rating has an action for fraud against the party making the misrepresentation); *Gainesville Nat. Bank v. Bamberger,* 77 Tex. 48, 13 S.W. 959 (1890). An analogous cause of action was stated in *Learjet Corp. v. Spenlinhauer,* 901 F.2d 198 (1st Cir.1990) (applying Kansas law). In *Learjet,* the plaintiff claimed that defendant had misrepresented its product to the Federal Aviation Administration ("FAA"), that the FAA had certified the product as a result, and that the plaintiff had relied on the FAA certification to his detriment. *Id.* at 200–202. *Cf. Westcliff Co. v. Wall,* 153 Tex. 271, 267 S.W.2d 544, 546–47 (1954) (party not responsible for misrepresentations made to third party in the absence of intent to induce reliance by the third party).

### B. Conspiracy to Market a Known Unreasonably Dangerous Product

■ Plaintiffs have additionally asserted a cause of action for conspiracy to act negligently with respect to the marketing of the drugs in questions. This is a charge of conspiracy with respect to the substantive claims in counts III and IV of the complaint. This accusation states a cause of action under Texas law. "[A] defendant engaged in a civil conspiracy can be charged with legal responsibility if that defendant, with others, proceeds in a tortious manner; which is to say, that the defendant had the intention of committing a tort or merely proceeding in a negligent manner." *Rogers v. R.J. Reynolds Tobacco Co.,* 761 S.W.2d 788, 796 (Tex.App.—Beaumont 1988). *See Akin v. Dahl,* 661 S.W.2d 917, 921–22 (Tex.1983) (negligence can be the unlawful tort which is the object of a civil conspiracy).

### C. Preemption

■ Because plaintiffs have stated a valid cause of action under Texas law in count II, the only remaining basis for dismissal would be if the state laws in question were preempted by federal law. Defendant does not argue that the FDCA preempts state law with respect to fraud, negligence, and other general torts, and there is no such general preemption. *See, e.g., Abbot v. American Cyanamid Co.,* 844 F.2d 1108, 1111–14 & n. 1 (4th Cir.1988) (holding that even the comprehensive federal regulation of vaccines under both the FDCA and the Public Health Service Act does not preempt state common law liability for defective design and failure to warn). The regulation of prescription drugs generally being less comprehensive than that of vaccines, the FDCA clearly does not preempt state tort liability in the instant action. Accordingly, it is

**ORDERED** that defendant Upjohn's motion to dismiss count II of the complaint shall be, and is hereby, **DENIED.**