Jason **LEIGH**, Plaintiff,

v.

**DANEK MEDICAL, INC.,**
**et al., Defendants.**

No. 4:95–CV–797–A.

United States District Court,
N.D. Texas,
Fort Worth Division.

June 25, 1998.

Michael Ray McGown, Weller Wheelus & Green, Beaumont, TX, John J. Cummings, III, Donna S. Cummings, Frank C. Dudenhefer, Jr., Cummings Cummings & Dudenhefer, New Orleans, LA, Darryl J. Tschirn, Eric A. Thomson, Tschirn & Thomson, La Jolla, CA, for Jason Leigh, David Nmn Conger, Ronald Gene Penny, Teresa R. Penny.

Sheree L. McCall, Strasburger & Price, Dallas, TX, Philip H Lebowitz, Stephen S. Phillips, Pepper Hamilton & Scheetz, Philadelphia, PA, for Danek Medical, Inc., Sofamor Inc., Sofamor Danek Group Inc., Sofamor SNC, Warsaw Orthopedic Inc., George Rapp, Spinal Science Advancement Foundation.

Stephen S. Phillips, Pepper Hamilton & Scheetz, Philadelphia, PA, for Danek Capital Corp., Danek Sales Corp., Yves Cotrel.

Sudie Thompson, McCauley Macdonald & Devin, Dallas, TX, Steven Andrew Springer, Fletcher & Springer, Dallas, TX, Susan S. Wettle, Ann E. Eberle, Steven M Crawford, Gregory A. Bolzle, Carl Arthur Henlein, Brown, Todd & Heyburn, Louisville, KY, Fredric L. Goldfein, Goldfein & Joseph, Philadelphia, PA, for National Medical Specialty, Inc.

Fredric L. Goldfein, Goldfein & Joseph, Philadelphia, PA, for Stuart Inc.

Margaret S. Woodruff, Schnader Harrison Segal & Lewis, Philadelphia, PA, for Eduardo Luque, Roger P. Jackson, David Bradford, Harry Shufflebarger, Charles E. Johnston, II, Richard Ashman, John A. Herring, John P. Barrett, Texas Scottish Rite Hospital for Children.

Sheree L. McCall, Kurt Wood Meaders, Strasburger & Price, Dallas, TX, Margaret S. Woodruff, Schnader Harrison Segal & Lewis, Philadelphia, PA, for Gary Lowery, Thomas Whitecloud, III, Thoams A. Zdeblick.

Sheree L. McCall, Kurt Wood Meaders, Strasburger & Price, Dallas, TX, James F. Roegge, Meagher & Gear PLLP, Minneapolis, MN, for Ensor Transfeldt.

David Weaver, Burford & Ryburn, Dallas, TX, Mitchell A. Stearn, K. Thomas Shahriari, Porter Wright Morris & Arthur, Washington, DC, for American Academy of Orthopedic Surgeons.

David Weaver, Burford & Ryburn, Dallas, TX, Shawn M. Collins, Collins Law Firm, Naperville, IL, for North American Spine Society.

W. Lee Kohler, Joseph L. McReynolds, Douglas R. Elliott, Janet L. MacDonell, Deutsch Kerrigan & Stiles, New Orleans, LA, for Scoliosis Research Society.

Richard I. Werder, Jr., Jones Day Reavis & Pogue, Cleveland, OH, for Acromed Corporation, Charter, Acromed Corp., Acromed Corporation, Charter Number 816942, Acromed Research and Development Corporation, Acromed Spine Research Foundation, Inc., Acromed, Inc. Charter Number 811415, Acromed Incorporated, Acromed Incorporated, Charter Number 816943, Acromed Holding Corporation, Charter Number 811416, Acromed Corporation.

Vincent Steven Walkowiak, James Jeffery Richardson, Fulbright & Jaworski, Dallas, TX, Michael R. Fruehwald, Barnes & Thornburg, Indianapolis, IN, for Ace Medical Company, Depuy–Motech, Inc..

Matthew R. Muth, Phelps Dunbar, Houston, TX, Tracy E. Gold, Aubert & Pajares, Metairie, LA, for Advanced Spine Fixation System, Inc.

Kyle W. Johnson, Mark Alan Goodman, Lawrence Eugene Jones, Christine Van Vooren, David Goodman & Madole, Dallas, TX, Lawrence A. Mann, Stanton E. Shuler, Jr., Leake & Andersson, New Orleans, LA, for Cross Medical Products.

Kathleen A. Manning, McGlinchey Stafford Lang, New Orleans, LA, for Howmedica Inc., Pfizer Inc.

Jeffrey L. Steinbach, Baltimore, MD, for Scientific Spinal Ltd.

Daniel R. Barrett, Fielding Barrett & Taylor, Fort Worth, TX, Ann P. Watson, McFall Sherwood & Sheehy, Houston, TX, Sally I. Gaden, Montgomery Barnett Brown Read Hammond & Mintz, New Orleans, LA, for Smith & Nephew Richards Inc.

Robert R. Reeder, Cozen & O'Connor, Philadelphia, PA, Bradley N. Gahm, Cozen & O'Connor, Dallas, TX, for Synthes (USA).

Bradley N. Gahm, Cozen & O'Connor, Dallas, TX, for Synthes Inc., Synthes AG.

Robert R. Reeder, Cozen & O'Connor, Philadelphia, PA, for Synthes North America, Inc.

Roy Lee Stacy, Calhoun & Stacy, Dallas, TX, Thomas G. Stayton, Leslie S. Rogers, Baker & Daniels, Indianapolis, IN, Albert J. Dahm, Baker & Daniels, Fort Wayne, IN, for Zimmer, Inc.

Jeffrey Hassan, Jordan & Keys, Washington, DC, for Health Industry Manufacturers Association.

Sheree L. McCall, Kurt Wood Meaders, Strasburger & Price, Dallas, TX, for Richard W Treharne, PhD., Ermon R. Pickard.

## MEMORANDUM OPINION and ORDER

McBRYDE, District Judge.

Came on for consideration the motion of defendants American Academy of Orthopaedic Surgeons ("AAOS") and the Scoliosis Research Society ("SRS") (collectively the "medical associations") for summary judgment. The court, having considered the motion, the response of plaintiff, Jason Leigh, the reply, the record, the summary judgment evidence, and applicable authorities, finds that the motion should be granted.

## I.

### *Plaintiff's Claims*

The court recently described the nature of this action in a memorandum opinion and order signed June 19, 1998, pertaining to a motion of certain defendants to dismiss. Significantly, the only remaining claim against the medical associations is one for conspiracy. In his memorandum and order dated April 16, 1997, and corresponding pretrial order number 861, Judge Bechtle, United States District Judge for the Eastern District of Pennsylvania, presiding over MDL docket number 1014, dismissed plaintiff's conspiracy claims except to the extent that he is urging a common law conspiracy to defraud by active concealment. Specifically, Judge Bechtle noted, "[a]ccordingly, Plaintiffs are left with a slimmer Intercompany/Association Conspiracy comprising only the agreement to promote a Class III device without FDA approval by unlawful means (actively concealing material facts at the association-sponsored seminars/sales events)." April 16, 1997, Memorandum and Order at 28–29. As Judge Bechtle noted, whether any MDL plaintiff could prevail on such a claim is a matter of state law. *Id.* at 29.

Plaintiff appears to continue to contend that he has a claim for conspiracy to violate the Food, Drug and Cosmetic Act, 21 U.S.C. §§ 301–96, ("FDCA") the medical device amendments to the Act, and FDA regulations. Any such claim has been foreclosed by Judge Bechtle's orders. And, in any event, plaintiff cannot circumvent the FDCA by labeling his claim as one for conspiracy to obtain remedies the statute does not provide. *Siegel Transfer, Inc. v. Carrier Express, Inc.,* 856 F.Supp. 990, 1009 (E.D.Pa.1994), *aff'd,* 54 F.3d 1125 (3d Cir.1995); *City and County of San Francisco v. United States,* 443 F.Supp. 1116, 1129 (N.D.Cal.1977), *aff'd,* 615 F.2d 498 (9th Cir.1980). The alleged wrongful act underlying a conspiracy must be actionable against the individual conspirators. *Fisher v. Yates,* 953 S.W.2d 370, 381 (Tex.App.—Texarkana 1997, no writ); *Stroud v. VBFSB Holding Corp.,* 917 S.W.2d 75, 82 (Tex.App.—San Antonio 1996, writ denied). Since there is no private right of action under the FDCA, there can be no conspiracy claim based on such a violation. Indeed, Judge Bechtle noted that, under Texas law, plaintiff would have no standing to assert that defendants engaged in a conspiracy to violate the FDCA because the statute does not provide for a private right of action. 4/16/97 memorandum and order at 25 (citing *Hawkins v. Upjohn Co.,* 890 F.Supp. 609, 611 (E.D.Tex.1994)).

## II.

### Grounds of the Motion

The medical associations urge six grounds in support of their motion. First, the medical associations did not agree to defraud anyone. Second, the medical associations did not conceal any fact. Third, the allegedly concealed facts were not material. Fourth, there was no fraudulent intent. Fifth, there was no reliance or causation. And, sixth, plaintiff's claim is barred by the applicable statute of limitations.

## III.

### Undisputed Facts

The summary judgment evidence establishes the following undisputed facts:

The Food and Drug Administration ("FDA") regulates how manufacturers label medical devices and drugs; the FDA does not regulate the practice of medicine. Physicians routinely use products for "off-label" purposes, that is, they use drugs and other devices for purposes other than those approved by the FDA. Such off-label use is appropriate, rational, and accepted medical practice and can be of great value.

At the time the Luque device was implanted in plaintiff's pedicles, on February 13, 1992, it had not received FDA approval to be marketed and sold for that purpose. Nevertheless, pedicle fixation procedures were and are routinely taught in residency programs and are regularly used by surgeons. And, pedicle fixation with screws has been considered to be the standard of care by the surgical community.

Plaintiff's physician, Dr. Bollinger, did not attend any of the medical associations' seminars at which pedicle screw fixation was discussed. Dr. Bollinger knew of the status of FDA bone screw labeling and was not misled into believing that such use had been approved by the FDA. Dr. Bollinger assumed that if the name of a presenter at a seminar was associated with a procedure or product, that presenter received some form of royalty or compensation. Whether or not a particular speaker had a financial interest in a particular manufacturer, device, or procedure would not have affected Dr. Bollinger's decision to recommend the use of that device or procedure. Dr. Bollinger made his decisions to recommend or use devices and procedures based upon the exercise of his medical judgment to identify the treatment that was the best available option for each of his patients. Dr. Bollinger was aware of the possible risks, complications, and benefits of pedicle fixation with screws and he always made a full disclosure and explanation of same to his patients to obtain their informed consent before surgery. He was trained in the use of pedicle fixation with screws during his residency and has used pedicle fixation with screws in over 100 patients. The risks and complications of pedicle fixation with screws were not misrep-

resented at any of the seminars or workshops he attended.

## IV.

### Applicable Summary Judgment Principles

A party is entitled to summary judgment on all or any part of a claim as to which there is no genuine issue of material fact and as to which the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The moving party has the initial burden of showing that there is no genuine issue of material fact. *Anderson*, 477 U.S. at 256, 106 S.Ct. 2505. The movant may discharge this burden by pointing out the absence of evidence to support one or more essential elements of the non-moving party's claim "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party has carried its burden under Rule 56(c), the non-moving party must do more than merely show that there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The party opposing the motion may not rest on mere allegations or denials of pleading, but must set forth specific facts showing a genuine issue for trial. *Anderson*, 477 U.S. at 248, 256, 106 S.Ct. 2505. To meet this burden, the nonmovant must "identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s]." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S.Ct. 195, 130 L.Ed.2d 127 (1994). An issue is material only if its resolution could affect the outcome of the action. *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505. Unsupported allegations, conclu-

sory in nature, are insufficient to defeat a proper motion for summary judgment. *Simmons v. Lyons*, 746 F.2d 265, 269 (5th Cir. 1984).

The standard for granting a summary judgment is the same as the standard for a directed verdict. *Celotex Corp.*, 477 U.S. at 323, 106 S.Ct. 2548. If the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. *Matsushita*, 475 U.S. at 597, 106 S.Ct. 1348.

## V.

### Law Pertinent to the Case

 To establish a conspiracy claim, as plaintiff seeks to do, he must prove both civil conspiracy and underlying fraud or concealment.[1] *American Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 438 (Tex.1997). An actionable civil conspiracy is a combination by two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means. *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex.1983). The essential elements are: (1) two or more persons; (2) an object to be accomplished; (3) a meeting of minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result. *Id.*

 Under Texas law, the elements of actionable fraud are: (1) a material representation; (2) the representation was false; (3) the speaker knew the representation was false when he made it or he made it recklessly without any knowledge of its truth and as a positive assertion; (4) the speaker intended the plaintiff to rely on the statement; (5) the plaintiff relied on the representation; and (6) as a result, the plaintiff was injured. *American Tobacco Co.* 951 S.W.2d at 436; *Eagle Properties, Ltd. v. Scharbauer*, 807 S.W.2d 714, 723 (Tex.1990). When the circumstances impose a duty to speak, silence is a false representation.[2] *American Tobacco*, 951 S.W.2d at 436. And, the allegedly defrauded party must have reasonably relied on

---

**1.** As noted earlier, the alleged wrongful act, that is the underlying fraud, must be actionable against the individual conspirators. *Fisher v. Yates*, 953 S.W.2d 370, 381 (Tex.App.—Texarkana 1997, no writ).

**2.** A failure to disclose information is not fraudulent unless one has an affirmative duty to disclose, such as where a confidential or fiduciary relationship exists between the parties. *Stephanz v. Laird*, 846 S.W.2d 895, 904 (Tex.App.—Houston [1st Dist.] 1993, writ denied).

the silence to his detriment. *Id.* Fraud is never presumed and, when it is alleged, the facts sustaining it must be clearly shown. *Stephanz v. Laird*, 846 S.W.2d 895, 903 (Tex. App.—Houston [1st Dist.] 1993, writ denied).

 The statute of limitations for a conspiracy claim such as the one asserted here is two years. *Stroud v. VBFSB Holding Corp.*, 917 S.W.2d 75, 82 (Tex.App.—San Antonio 1996, writ denied). The statute of limitations begins to run when the plaintiff discovers, or with the exercise of reasonable diligence, should have discovered the nature of his injury. *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 351 (Tex.1990); *Burns v. Thomas*, 786 S.W.2d 266, 267 (Tex.1990).

## VI.

### *Law Applied to the Facts*

Plaintiff's entire response to the summary judgment motion is devoted to a discussion about conspiracy to unlawfully market an unapproved medical device. Plaintiff apparently refuses to recognize that such claim is no longer part of the case. Moreover, even if the court interpreted plaintiff's response as containing a discussion of the remaining claim, the evidence to which plaintiff cites does not support any of his contentions. The court does not recall having had another case in which a plaintiff so blatantly asserted the existence of certain facts and cited to summary judgment evidence that simply did not support a contention that those facts could be inferred from such evidence much less establish those facts. If anything, the evidence to which plaintiff cites shows that the medical associations were well aware that the pedicle screw devices being discussed at various seminars had not received FDA approval and that both they and the manufacturers providing the devices notified participants of the status of the devices. Plaintiff has not cited to evidence that supports his contention that the medical associations profited from unlawful promotion of the devices. Rather, his evidence shows that the associations were concerned that educational forums continue to be provided to further the goals of excellence, quality of care, and patient safety. *See, e.g.,* Plaintiff's Ex. 30, Deposition of Edgar G. Dawson, M.D., at 226.

 Plaintiff states that he is not alleging a "fraud on the market" theory of recovery. Plaintiff's Response at 20. Therefore, as previously discussed, he must rely on ordinary fraud to support his conspiracy claim. However, he fails to come forward with any evidence to support a claim of actionable fraud.[3] In particular, plaintiff has failed to come forward with summary judgment evidence to raise genuine fact issues as to an agreement between the medical associations and any other person, concealment of any fact, fraudulent intent, reliance, and causation. Most importantly, there is no evidence that plaintiff's surgeon, Dr. Bollinger, was in any way defrauded. Rather, Dr. Bollinger's declaration that he was aware of the FDA status of bone screw labeling and that he was aware of the risks, complications, safety and efficacy of pedicle fixation with screws is uncontroverted. Accordingly, the medical associations are entitled to judgment in their favor.[4]

## VII.

### *Plaintiff's Allusion to a Motion for Continuance Under Fed.R.Civ.P. 56(f)*

In paragraph 1 and paragraph 77 of the affidavit of Donna Cummings, Esquire, in

---

**3.** Although plaintiff submitted hundreds of exhibits in support of his summary judgment response, he has not identified specific evidence in the record and articulated the precise manner in which that evidence supports his claim. *Forsyth*, 19 F.3d at 1537. It is not the court's job to sift through the stacks of material to discern whether any genuine fact issue is raised. *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 n. 7 (5th Cir.), *cert. denied*, 506 U.S. 832, 113 S.Ct. 98, 121 L.Ed.2d 59 (1992). The court notes that plaintiff has included expert reports that were apparently not timely disclosed. *See* medical associations' reply at 11. None of the reports raises a genuine issue sufficient to preclude summary judgment in any event. One of the reports includes only the odd-numbered pages and appears to be the report of a law firm rather than an individual qualified to give expert testimony. *See* attachments to plaintiff's brief, Exhibit B, Helfrey report.

**4.** Because plaintiff has not raised a genuine issue of material fact to preclude summary judgment on his remaining claim in this action, there is no need for the court to discuss the contention that plaintiff's claim is barred by limitations.

support of plaintiff's opposition to the medical associations' motion for summary judgment, reference is made to Fed.R.Civ.P. 56(f). Plaintiff has not, however, made a proper motion for continuance under Rule 56(f). Pursuant to Rule 10.1(a) of the Local Civil Rules of the United States District Court for the Northern District of Texas ("Local Rules"), each paper submitted for filing must contain on its face a title clearly identifying each included pleading, motion, or other paper. None of the papers filed by plaintiff in response to the motion for summary judgment reflects that it contains a motion for continuance. Moreover, none of the papers filed in response to the summary judgment motion contains a certificate of conference reflecting that counsel conferred with regard to any request for continuance. *See* Local Rule 7.1(a) & (b). Nor is there a brief in support of any such motion or a proposed order accompanying the papers. *See* Local Rule 7.1(c) & (d).

■■■■ Even had a proper motion for continuance been made, the sole basis for the motion appears to be that discovery is ongoing. However, the plain language of Fed. R.Civ.P. 56 makes clear that summary judgment is appropriate any time there is no genuine issue of material fact and a party has shown itself entitled to judgment as a matter of law. *Anderson*, 477 U.S. at 250, 106 S.Ct. 2505. As the Fifth Circuit has unequivocally observed, "Rule 56 does not require that discovery take place before granting summary judgment." *McCarty v. United States*, 929 F.2d 1085, 1088 (5th Cir.1991). And, one who maintains that a summary judgment motion has been prematurely filed cannot simply rest on allegations that discovery is incomplete or that it will produce needed but unspecified facts. *Id.* Plaintiff has not made any attempt to show how any requested discovery will defeat summary judgment or that he has diligently pursued such discovery. *See, e.g., International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991), *cert. denied*, 502 U.S. 1059, 112 S.Ct. 936, 117 L.Ed.2d 107 (1992). Accordingly, no delay in ruling on the pending motion is warranted.

## VIII.

## *ORDER*

For the reasons discussed herein, the court orders that the medical associations' motion for summary judgment be, and is hereby, granted; that plaintiff take nothing on his claim against the medical associations; and that such claim be, and is hereby, dismissed with prejudice.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to the disposition of plaintiff's claim against the medical associations.