**Maurice Wayne JONES and Dorenda Price Jones, Plaintiff(s),**

v.

**Fred BASS, Ron Thomas, and Gerald Goulding, Defendant(s).**

No. 04–CV–153–D.

United States District Court, D. Wyoming.

Sept. 30, 2004.

Maurice Wayne Jones, Grover, WY, pro se.

Dorenda Price Jones, Grover, WY, pro se.

Carol A. Statkus, US Attorney's Office, Cheyenne, WY, Rickey Watson, Department of Justice, Washington, DC, Ann L. Hoover, Topeka, KS, Peter Craig Silva, Williams Porter Day & Neville, Casper, WY, for Defendants.

### ORDER ON DEFENDANTS' MOTIONS TO DISMISS AND PLAINTIFFS' MOTIONS FOR SUMMARY JUDGMENT

DOWNES, District Judge.

This matter comes before the Court on Defendants' Ron Thomas and Gerald Goulding's Motion to Dismiss, Defendant Fred Bass' Motion to Dismiss, and Plaintiffs' Motions for Summary Judgment, filed June 25, 2004. The Court, having reviewed the materials submitted in opposition and support, having heard oral argument, and being otherwise fully advised, FINDS and ORDERS as follows:

#### BACKGROUND

Plaintiffs Maurice and Dorenda Jones ("Plaintiffs") filed a civil action in Wyoming State District Court, Lincoln County, Wyoming, on March 3, 2004, asserting claims against Defendants Fred Bass, an employee of the United States Internal Revenue Service ("IRS"); Gerald Goulding, attorney for First National Bank, Afton, Wyoming ("Bank"); and Ron Thomas, Branch President of the Bank. The claims arise out of the Bank's honoring a Notice of Levy served upon First National Bank on or about March 17, 2004 by the IRS for Plaintiffs' alleged unpaid balance of tax assessment. Plaintiffs allege that the Notice of Levy is invalid and that Defendants' actions in serving, accepting, or advising others to honor the Notice of Levy were in error, harmful to Plaintiffs, and in violation of the law.

On May 24, 2004, the U.S. Attorney on behalf of Defendant Fred Bass, an employee of the federal government, filed a Notice of Removal with this Court pursuant to 28 U.S.C. § 1442(a)(1), which states:

A civil action ... commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue . . . .

28 U.S.C. § 1442(a)(1) (2004). Plaintiffs objected to the removal, claiming the U.S. District Court lacks subject matter jurisdiction to hear the case.

Four motions are currently pending in this case. Plaintiffs filed two motions for summary judgment on June 25, 2004, which lack legal substance. Defendants Thomas and Goulding filed a joint Motion to Dismiss for failure to state a claim on June 22, 2004 and Defendant Bass filed a Motion to Dismiss for lack of subject matter jurisdiction on June 25, 2004. The Court, finding Defendants' Motions to Dismiss as dispositive, dismisses Plaintiffs' Motions for Summary Judgment as moot.

### STANDARD OF REVIEW

Defendants Thomas and Goulding moved to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). In ruling on motions to dismiss for failure to state a claim, "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Ruiz v. McDonnell,* 299 F.3d 1173, 1181 (10th Cir.2002) (quoting *Swanson v. Bixler,* 750 F.2d 810, 813 (10th Cir.1984)). "The court must view all reasonable inferences in favor of the plaintiff, and the pleadings must be liberally construed. The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support her claims." *Id.* (citations omitted). "A Rule 12(b)(6) motion to dismiss may be granted only if it appears beyond a doubt that the plaintiff is unable to prove any set of facts entitling her to relief under her theory of recovery." *Id.* (citing *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

Defendant Bass moved to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). The standard of review is substantially similar in considering a 12(b)(1) motion to dismiss as for considering a 12(b)(6) motion to dismiss. "Accepting the complaint's allegations as true, we consider whether the complaint, standing alone, is legally sufficient to state a claim upon which relief can be granted.." *E.F.W. v. St. Stephen's Indian High School,* 264 F.3d 1297, 1303 (10th Cir.2001).

### DISCUSSION

*Defendants Ron Thomas and Gerald Goulding's Motion to Dismiss*

Ron Thomas and Gerald Goulding moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). As to the claim against Gerald Goulding, Defendants interpret Plaintiffs' Complaint to allege that Mr. Goulding gave legal advice to First National Bank, thereby making him an accessory to an illegal levy against the Plaintiffs. Defendants assert that such a claim sounds in negligence. As an attorney

for the Bank, Defendants argue that Mr. Goulding has no duty to the Plaintiffs. As no duty exists, a negligence action cannot be maintained. Regarding Ron Thomas, Defendants assert immunity bars any claim against him. Defendants state that as an employee of a bank that simply honored an IRS levy, Mr. Thomas qualifies for immunity under 26 U.S.C. § 6332(e) and (f). In the alternative, Mr. Thomas had no contract with the Plaintiffs such that a breach of contract action would lie, nor did he have a duty to the Plaintiffs such that a negligence action would lie. In addition, if the Plaintiffs assert a claim for conversion, one cannot lie where the property involved is a bank account from which a legitimate creditor has demanded payment. Finally, if the Complaint is construed to allege fraud, it has not been pleaded with sufficient particularity.

In opposition to Defendants' Motion to Dismiss, Plaintiffs' sole argument is that this Court has no jurisdiction over the matter. When given the opportunity to supplement its arguments, Plaintiffs add that Mr. Thomas and Mr. Goulding "failed to write a simple letter asking alleged IRS agent Bass for clarification regarding the legality and scope of the Notice of Levy." Plaintiffs' Supp. to Pending Motions, at 6.

■ As to Mr. Goulding, because the Plaintiffs do not explicitly outline the causes of action relied upon in their Complaint, the Defendants in their Motion to Dismiss are left to speculate. Defendants have presumed from the factual allegations against Mr. Goulding that Plaintiffs assert a claim for negligence against him for the advise given to Mr. Thomas to treat the Notice of Levy as any other levy. To maintain a claim for negligence, the Plaintiffs must demonstrate all the elements of negligence, including the legal duty owed by the defendant to the plaintiff. *Brooks v. Zebre,* 792 P.2d 196, 200 (Wyo.1990).

Whether a legal duty exists is a question of law. *Id.*

■ It is clear under Wyoming law that an attorney owes a duty of zealous representation to his/her client. *Id.* In an adversarial context, a duty to the opposing party cannot be assumed by an attorney, as it would violate the primary duty of the attorney to his/her own client. *Id.* In other contexts, it is possible for an attorney to owe a duty to a non-client, *i.e.,* when the non-client is a third-party beneficiary to the relationship between the attorney and client. *See In re Estate of Drwenski,* 83 P.3d 457 (Wyo.2004). The Wyoming Supreme Court has recently adopted a set of factors to consider in determining whether an attorney owes a duty to a non-client. *Id.* at 464–65. The court will consider: (1) the extent to which the transaction was intended to directly benefit the plaintiff; (2) the foreseeability of harm; (3) the degree of certainty that the plaintiff suffered injury; (4) the closeness of the connection between the defendant's conduct and the injury suffered; (5) whether expansion of liability to the non-client would place an undue burden on the legal profession; and (6) the policy of preventing future harm. *Id.* The "threshold question" is whether the attorney-client relationship was intended to benefit a third-party. *Id.* If an intent to benefit a third-party is not found, the other factors need not be considered. *Id.*

■ Upon consideration of the above factors, as a matter of law, Mr. Goulding did not owe a legal duty to the Plaintiffs. Under a *Drwenski* analysis, Plaintiffs in this case were not intended to be third-party beneficiaries to the attorney-client relationship between Mr. Goulding and the Bank. Thus, there is no need to consider the other *Drwenski* factors. In contrast, this case more closely resembles the adversarial situation in *Brooks* in that Mr.

Goulding's advise to his client, Mr. Thomas, as an agent of the Bank, was directly adverse to the interests of the Plaintiffs. He advised his client to treat the Notice of Levy like any other levy, in effect advising Mr. Thomas to surrender the funds from the Plaintiffs' account to the IRS. In such an adversarial situation, an attorney cannot have a legal duty to the opposing party, as it would "violate the primary duty" owed to the attorney's own client. Owing no duty to the Plaintiffs, Mr. Goulding cannot be held liable under a negligence theory for his legal advise.

The Complaint against Mr. Goulding also asserts that he "became a principal or an accessory engaging in fraudulent actions ...." Complaint, at 12. As distinguished from well-pleaded facts, such a "conclusory allegation" need not be taken as true. *Ruiz v. McDonnell*, 299 F.3d at 1181. In addition, Wyoming law requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." WYO. R. CIV. PRO. 9(b) (LexisNexis 2004). Plaintiffs have asserted no particular facts that would establish that the elements of fraud are present in this case, *i.e.*, (1) the defendant made a false representation intended to induce action by the plaintiff; (2) the plaintiff reasonably believed the representation to be true; and (3) the plaintiff relied on the false representation and suffered damages. *Marchant v. Cook*, 967 P.2d 551, 554 (Wyo. 1998). In accordance with the Court's findings, the Complaint against Mr. Goulding is dismissed.

■ As to Mr. Thomas, quite rightly, he asserts in his motion to dismiss that he is immune from any claim arising out of the surrender of funds from Plaintiffs bank account pursuant to the Notice of Levy. United States statute is clear that "[a]ny person in possession of property subject to levy upon which levy has been made who, upon demand by the Secretary, surrenders such property to the Secretary shall be discharged from any obligation or liability to the delinquent taxpayer ...." 26 U.S.C. § 6332(e) (2004). "Person" as defined in the statute includes "an officer or employee ... who ... is under a duty to surrender the property ... or discharge the obligation." *Id.* § 6332(f). Not only is Mr. Thomas immune from any suit brought by a tax evader for honoring the levy, if he had failed to surrender the funds to the IRS, he would have become liable himself for the amount he failed to surrender. *Id.* § 6332(d)(1). The Tenth Circuit has recognized the complete defense afforded by 26 U.S.C. § 6332(e) for "honoring ... federal tax levies." *U.S. v. Triangle Oil*, 277 F.3d 1251, 1259 (10th Cir.2002). In light of the statute and case law, it is clear the Mr. Thomas cannot be held liable by Plaintiffs for surrendering funds from Plaintiffs' bank account pursuant to a valid levy by the IRS. If the Plaintiffs contest the validity of the levy, that matter should be taken up with the IRS by filing Form 8546, as referenced on the Notice of Levy. Accordingly, the claims against Mr. Thomas are dismissed and the Court need not consider the other arguments in favor of dismissal proffered by Mr. Thomas.

The sole legal argument offered in opposition to Defendants Goulding and Thomas' Motion to Dismiss is that this Court lacks subject matter jurisdiction over the present claims. In support of their contentions, Plaintiffs claim that "federal tax issues cannot be resolved by this court in that the Federal courts are barred from original or pendant jurisdiction over such federal tax issues, pursuant to Title 28, U.S.C. Sec. 2201(a)1 ...." Plaintiffs' Supp. to Pending Motions, at 7–8. In addition to 28 U.S.C. § 2201(a), Plaintiffs cite *Fogel v. U.S.*, 2001 WL 306496 (S.D.Cal.2001) and

*Hughes v. U.S.,* 953 F.2d 531 (9th Cir. 1991), in an attempt to demonstrate that the Court has no subject matter jurisdiction. Plaintiffs reliance on the statute and case law is misplaced.

United States Code, title 28, section 2201(a) is entitled "Creation of a Remedy" and is incorporated in the Declaratory Judgment Act. According to Black's Law Dictionary, a declaratory judgment is "a binding adjudication that establishes the rights and other legal relations of the parties without providing for or ordering enforcement." BLACK'S LAW DICTIONARY 846 (7th ed.1999). A declaratory judgment action can be brought pursuant to the Declaratory Judgment Act before any actual harm has occurred and the trial court can, in its discretion, decline to extend jurisdiction to such a case. *Kunkel v. Continental Casualty Company,* 866 F.2d 1269, 1273 (10th Cir.1989). United States Code, title 28, section 2201(a) does in fact prohibit the federal courts from entertaining declaratory judgment actions involving federal tax issues:

> In a case of actual controversy within its jurisdiction, *except with respect to Federal taxes* ... any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201(a) (2004) (emphasis added). The present action however, is not a declaratory judgment action, but a first-party action claiming an injury has occurred and praying for relief. As such, the prohibition of 28 U.S.C. § 2201(a) does not apply. It follows that the cases cited by the Plaintiffs which rely on 28 U.S.C. § 2201(a) are also inapplicable to the present case. *See Fogel v. U.S.,* 2001 WL 306496 (S.D.Cal.2001) ("Because section 2201(a) of the Declaratory Judgment Act expressly denies federal courts subject matter jurisdiction over *requests for declaratory judgments* in federal tax matters, the Government's motion to dismiss for lack of subject matter jurisdiction is GRANTED ...." (emphasis added)); *Hughes v. U.S.,* 953 F.2d 531, 536–37 (9th Cir.1991) (affirming District Court's denial of subject matter jurisdiction over *the declaratory judgment action* because it involved issues of federal taxation).

■ Subject matter jurisdiction is found in this case. The provisions of 28 U.S.C. § 1442(a)(1) allow for the removal of the case at bar from state to federal court:

> A civil action ... commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C. § 1442(a)(1). Fred Bass, an employee of the IRS, was named in the Complaint in his official capacity, as discussed later, for serving the Notice of Levy on the Bank. As such, the case was properly removed to this Court and this Court has subject matter jurisdiction to decide the issues presented.

*Defendant Fred Bass' Motion to Dismiss*

In support if his Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, Mr. Bass argues first that the United

States is the proper defendant in this case, as the Plaintiffs' claims are based on actions taken by Mr. Bass in his official capacity as an IRS agent. Mr. Bass goes on to argue that this case is essentially a suit against the United States, and is barred by sovereign immunity, absent express statutory consent to sue. In addition, the limited waiver of sovereign immunity related to the challenge of a levy does not apply in this case and dismissal for lack of subject matter jurisdiction is appropriate. Finally, Mr. Bass asserts that this Court lacks subject matter jurisdiction over any request for declaratory and injunctive relief in this context.

In response to Mr. Bass' Motion to Dismiss, Plaintiffs again challenge the subject matter jurisdiction of the Court to rule on the motion and demand remand to the state court. Plaintiffs also claim that Mr. Bass' "wrongful fraudulent filing of a claim of levy is not an official act of an officer of the U.S." and not within the scope of his authority. Plaintiffs' Response to Motion to Dismiss, at 6. To the extent that the Court finds that the claim is against the United States and not Mr. Bass in his individual capacity, Plaintiffs assert that the United States has waived sovereign immunity in this case by "filing of Notice of Levy by Defendant Bass" in violation of "the Privacy Act and 26 U.S.C. § 6103."

The first issue to resolve is whether Mr. Bass was named in Plaintiffs' Complaint in his official capacity as an employee of the IRS or whether he was named in his individual capacity. Interestingly, the only place the name of Fred Bass appears in Plaintiffs' Complaint is in the caption. In contrast, Plaintiffs in part III, Statement of the Case, aver that "this action arises out of one alleged 'levy,' titled 'Notice of Levy,' which was executed by a foreign power, 'United States' Internal Revenue Service ...." Plaintiffs admit in part III that the Notice of Levy was "prepared and transmitted under color of authority pursuant to [26 U.S.C. § 6331]." The Complaint goes on to state in part III that "the IRS, in an obvious and blatant act of deception, attempts to deceive the recipients of said notices ...." In short, except for occasional mention that the Notice was "fraudulently served," Plaintiffs' claims against Mr. Bass are essentially claims against the United States and any claim that Mr. Bass was fraudulent in presenting the Notice to the Bank has no basis in fact and is not pleaded with particularity as required under Wyoming law. *See* WYO. R. CIV. PRO 9(b) (LexisNexis 2004).[1]

As the Complaint alleges claims against Mr. Bass in his official capacity as an employee of the IRS, it is essentially a suit against the United States. *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). As the Ninth Circuit Court of Appeals so aptly explained,

> It is well settled that the United States is a sovereign, and, as such, is immune from suit unless it has expressly waived such immunity and consented to be sued. Such waiver cannot be implied, but must be unequivocally expressed. Where a suit has not been consented to by the United States, dismissal of the action is required. 'It is axiomatic that the United States may not be sued without its consent and that the existence of such consent is a prerequisite for jurisdiction.'

*Id.* (quoting *United States v. Mitchell*, 463 U.S. 206, 212, 103 S.Ct. 2961, 77 L.Ed.2d

---

1. The United States Attorney does not deny the Mr. Bass was acting in his official capacity in presenting the Notice of Levy to the Bank. In fact, in his argument in support of Mr. Bass' Motion to Dismiss, the U.S. Attorney states that "it is clear from the complaint that plaintiffs' claims are based on actions taken by Mr. Bass in his official capacity."

580 (1983)) (other internal citations omitted). The court went on to conclude that "a suit against IRS employees in their official capacity is essentially a suit against the United States. As such, absent express statutory consent to sue, dismissal is required." *Id.*

 Absent a waiver of immunity, dismissal is required in a suit against an IRS employee acting in his official capacity. In this instance, the United States has acknowledged in its motion to dismiss that a limited waiver of sovereign immunity is available to those who would challenge a levy. *See* 26 U.S.C. § 7426(a)(1) (2004). The Tenth Circuit has held that "[a]ny waiver must be construed strictly in favor of the sovereign and not enlarged beyond what [its] language requires." *United Tribe of Shawnee Indians v. U.S.*, 253 F.3d 543, 547 (10th Cir.2001) (quoting *In re Talbot*, 124 F.3d 1201, 1206 (10th Cir. 1997)). In this case, the waiver only applies to any person "other than the person against whom is assessed the tax out of which such levy arose." 26 U.S.C. § 7426(a)(1). As a consequence, the person liable for the tax cannot maintain a wrongful levy action under the waiver of sovereign immunity. *See McCarty v. U.S.*, 929 F.2d 1085 (5th Cir.1991); *Shannon v. U.S.*, 521 F.2d 56 (9th Cir.1975). The waiver of sovereign immunity does not apply to Plaintiffs who in this case are clearly those "against whom is assessed the tax out of which such levy arose." 26 U.S.C. § 7426(a)(1).[2]

 Where the United States has been sued and sovereign immunity has not been waived, dismissal for lack of subject matter jurisdiction is appropriate. *See U.S. v. Mitchell*, 463 U.S. 206, 211, 103 S.Ct. 2961, 77 L.Ed.2d 580 (1983) (stating that consent to suit is a "jurisdictional prerequisite"); *see also F.D.I.C. v. Meyer*, 510 U.S. 471, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994); *Merrill, Lynch, Pierce, Fenner, & Smith, Inc. v. Jacks*, 960 F.2d 911 (10th Cir.1992).

Fred Bass has been sued by Plaintiffs in his official capacity as an employee of the IRS. As such, the suit is essentially against the United States and therefore, barred by sovereign immunity. Although a limited waiver of sovereign immunity exists for challenging a wrongful levy, that waiver explicitly precludes applicability to the Plaintiffs as "person[s] against whom is assessed the tax out of which such levy arose." 26 U.S.C. § 7426(a)(1). The claims against Mr. Bass and the United States as principal are dismissed for lack of subject matter jurisdiction and Plaintiffs' motion for summary judgment on those claims is dismissed as moot. Therefore, it is hereby

**ORDERED** that Defendants' Ron Thomas and Gerald Goulding's Motion to Dismiss is **GRANTED**, Defendant Fred Bass' Motion to Dismiss is **GRANTED**, and Plaintiffs' Motions for Summary Judgment, filed June 25, 2004, are **DISMISSED** as moot. Plaintiffs' Complaint is **DISMISSED** with prejudice.

---

**2.** Plaintiffs assert in their response to Defendant Bass' Motion to Dismiss that the United States waived sovereign immunity by filing the levy in the offices of Lincoln County, Wyoming. As the United States Supreme Court made abundantly clear in *U.S. v. King,* "waiver cannot be implied, but must be unequivocally expressed." *U.S. v. King,* 395 U.S. 1, 4, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969). Filing a levy in Lincoln County, Wyoming, does not constitute an "unequivocally expressed waiver."