**F I L E D**

**UNITED STATES COURT OF APPEALS**

**September 2, 2005**

**FOR THE TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

MAURICE WAYNE JONES and
DORENDA PRICE JONES,

       Plaintiffs-Appellants,

v.

FRED BASS; RON THOMAS; and
GERALD L. GOULDING,

       Defendants-Appellees.

No. 04-8113
(D.C. No. 04-CV-153-WFD)
(D. Wyo.)

---

**ORDER AND JUDGMENT** *

---

Before **SEYMOUR, KELLY, and MURPHY**     Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiffs Maurice and Dorenda Jones, appearing pro se, filed an action in Wyoming state court asserting claims against an Internal Revenue Service (IRS) employee, Fred Bass; a bank branch president, Ron Thomas; and the bank's attorney, Gerald Goulding, for honoring an IRS levy against funds in the plaintiffs' bank account. The defendants removed the case to federal court. In a thorough and well-reasoned published opinion, the district court granted the defendants' motions to dismiss and denied the plaintiffs' motion for summary judgment as moot. *Jones v. Bass*, 343 F. Supp. 2d 1066, 1073 (D. Wyo. 2004). It ruled that the bank's attorney owed no legal duty to the plaintiffs; that the bank employee was immune from suit for honoring an IRS levy under 26 U.S.C. § 6332(e); and that the court lacked subject matter jurisdiction over the claims against the IRS agent, who, acting in his official capacity, is immune from suit under principles of sovereign immunity. *Id*. at 1069-70, 1073. We affirm.

We review the district court's decision dismissing the plaintiffs' claims de novo. *Wyoming v. United States*, 279 F.3d 1214, 1222 (10th Cir. 2002) (reviewing dismissal under Fed. R. Civ. P. 12(b)(1), (6)). The district court correctly rejected plaintiffs' argument that it lacked jurisdiction over the case pursuant to 28 U.S.C. § 2201 of the Declaratory Judgment Act (barring declaratory relief in controversies "with respect to Federal taxes"). As the district court explained, section 2201 has no relevance to this case because the plaintiffs'

suit is not a declaratory judgment action. *Jones*, 343 F. Supp. 2d at 1071. We agree with the district court that removal of this action was proper under 28 U.S.C. § 1442(a)(1). *Id*. Plaintiffs' next argument, that the judgment should be voided because the district court defamed them, is frivolous. It is well established that judges are entitled to absolute immunity from liability for defamation for words spoken or published in the course of judicial proceedings. *See e.g.*, *Burns v. Reed*, 500 U.S. 478, 490 (1991) (noting common-law rule). Finally, plaintiffs contend that the district court erred in granting the defendants' motions to dismiss and denying their motion for summary judgment. We have carefully reviewed the briefs and the record on appeal. For substantially the reasons stated in the district court's opinion, we affirm its dismissal of all of plaintiffs' claims.

The judgment of the district court is AFFIRMED. Appellee Bass's Unopposed Motion to Substitute Counsel is GRANTED. The mandate shall issue forthwith.

Entered for the Court


Michael R. Murphy
Circuit Judge