NO. 07-07-0308-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



OCTOBER 17, 2007


______________________________



JEFFREY GARRETT CROSS, 



 Appellant


v.



USAA FEDERAL SAVINGS BANK, JENNIFER MAY, ET AL., 



 Appellees

_________________________________



FROM THE 353RD DISTRICT COURT OF TRAVIS COUNTY;



NO. D-1-GN-06-003882; HON. MARGARET A. COOPER , PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 Jeffrey Garrett Cross, acting pro se, appeals from a summary judgment granted in
favor of USAA Federal Savings Bank (USAA) and Jennifer May (May) as well as from an
order denying his own motion for summary judgment. Cross sued USAA and its employee
May for honoring a tax levy by the Internal Revenue Service (IRS). He sought as damages
treble the amount of money remitted to the IRS. We affirm.

 

 Summary Judgment 

 We review a traditional motion for summary judgment, such as that before us, under
the standard set forth in Nixon v. Mr. Property Management Co., 690 S.W.2d 546 (Tex.
1985). We next note that the IRS may levy upon all property and rights to property upon
which there exists a lien for unpaid taxes. 26 U.S.C.A. §6331(a) (West Supp. 2007). 
Furthermore, anyone possessing such property upon which a levy has been made must
surrender it "except [for] such part of the property or rights as is, at the time of such
demand, subject to an attachment or execution under any judicial process." Id. §6332(a)
(West 2002). Failing or refusing to surrender the property makes the stakeholder
personally liable to the government for the value of the property withheld. Id. §6332(d). 
However, surrendering the property "discharge[s] [the stakeholder] from any obligation or
liability to the delinquent taxpayer and any other person with respect to such property or
rights to property arising from such surrender or payment." Id. §6332(e). In other words,
the IRS can levy upon property encumbered by a lien for unpaid taxes. If the person
holding the property does not release it, he becomes personally liable to the government
for the value of the property held. But, if he turns it over, then he is insulated from liability
to the tax debtor. 

 Not only is the foregoing statute and procedure constitutional, United States v.
National Bank of Commerce, 472 U.S. 713, 721, 105 S.Ct. 2919, 2925, 86 L.Ed.2d 565
(1985), but also the options available to the party holding the property are limited. Either
he can release it, illustrate that he does not possess it, or show that it is subject to a prior
judicial attachment or execution. United States v. National Bank of Commerce, 472 U.S.
at 721-22, 105 S.Ct. at 2925. 

 The record at bar contains no evidence suggesting that those who Cross sued either
lacked possession of the money subjected to levy or that the money was subject to a prior
attachment or execution. Thus, neither USAA nor its employee (May) could challenge the
validity of the levy. Moore v. General Motors Pension Plans, 91 F.3d 848, 851 (7th Cir.
1996). And, in abiding by the levy, both USAA and May were relieved of any obligation or
liability to Cross arising from the act of surrendering the property. Jones v. Bass, 343
F.Supp.2d 1066, 1070 ( D. Wyo. 2004), aff'd, No. 04-8113, 2005 U.S. App. Lexis 19187
(10th Cir. September 2, 2005), cert. denied, 547 U.S. 1019, 126 S. Ct. 1573, 164 L.Ed.2d
299 (2006). So, and as a matter of law, Cross could not recover from either USAA or May
for the purported breach of contract underlying his suit or any other claim tied to honoring
the levy, and summary judgment in favor of the two defendants was proper. (1) 

 Motion for Sanctions

 Also pending before us is the motion for sanctions filed by USAA and May. The
latter two contend that they are entitled to reasonable attorney's fees and court costs as
sanctions for responding to a frivolous appeal. Assuming arguendo that the appeal was
frivolous, we have no evidence before us of what a reasonable attorney's fee would be in
responding to the appeal. So, we have no basis upon which to award any fees. As for
court costs, they are normally levied against the losing party. So, because Cross is the
losing party here, it matters not whether the appeal was frivolous. 

 Accordingly, the judgment of the trial court is affirmed.


 Per Curiam 

 
1. Our holding also includes the allegation that USAA and May somehow admitted liability because they
did not respond to various written demands Cross made. Simply put, federal statute negated the claims
underlying his demands. So, there was nothing to support them. 



aine possessed by appellant, the evidence was irrelevant to elements of the offense
and we need not address the applicability of Rule 803(24). Appellant was not charged or
convicted of owning a controlled substance, but for possessing it. See Tex. Health &
Safety Code Ann. § 481.112(a) (Vernon 2003). The proffered evidence was not relevant
to whether appellant possessed a controlled substance with intent to deliver it. See Tex.
R. Evid. 402. 

 The result would be the same if the testimony was proffered for the purpose of
showing officer Walck misidentified the person who threw the package of cocaine. 
Appellant concedes the testimony was hearsay and therefore inadmissible unless an
exception applies. See Tex. R. Evid. 801(d), 802. As he did in the trial court, appellant
argues the exception for hearsay testimony against the declarant's interest set out in Rule
803(24) is applicable here. The trial court questioned whether appellant had established
"corroborating circumstances clearly indicat[ing] the trustworthiness of the statement" as
required by that rule in criminal cases. Appellant argued the evidence showed appellant
and Anderson were in close proximity and "it perhaps could be Willie LaDale Anderson"
who committed the offense.

 In determining the adequacy of corroboration, a trial court should consider a number
of factors: (1) whether guilt of declarant is inconsistent with guilt of the defendant, (2)
whether declarant was so situated that he might have committed the crime, (3) the timing
of the declaration, (4) the spontaneity of the declaration, (5) the relationship between the
declarant and the party to whom the statement is made, and (6) the existence of
independent corroborative facts. Dewberry v. State, 4 S.W.3d 735, 751 (Tex.Crim.App.
1999).

 Appellant's argument emphasizes the physical similarity of appellant and Anderson. 
The question of which of the two men had thrown the package was fully developed during
Walck's testimony. His testimony was clear and specific, listing the clothing appellant was
wearing and his position relative to Anderson on the sidewalk. Most importantly, appellant
offers no independent facts corroborating the hearsay statement. Compare Dewberry, 4
S.W.3d at 752. The trial court did not abuse its discretion in finding the evidence
inadmissible. We overrule appellant's third point and affirm the judgment of the trial court.

 James T. Campbell

 Justice

Do not publish. 
1. We uphold a trial court's ruling on a motion to suppress if it is correct under any
theory of law applicable to the case. Romero v. State, 800 S.W.2d 539, 543
(Tex.Crim.App. 1990).