NO. 07-07-0308-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 17, 2007
_____

JEFFREY GARRETT CROSS,

Appellant

v.

USAA FEDERAL SAVINGS BANK, JENNIFER MAY, ET AL.,

Appellees
_____

FROM THE 353RD DISTRICT COURT OF TRAVIS COUNTY;

NO. D-1-GN-06-003882; HON. MARGARET A. COOPER , PRESIDING
_____

***Memorandum Opinion***
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Jeffrey Garrett Cross, acting *pro se,* appeals from a summary judgment granted in favor of USAA Federal Savings Bank (USAA) and Jennifer May (May) as well as from an order denying his own motion for summary judgment.  Cross sued USAA and its employee May for honoring a tax levy by the Internal Revenue Service (IRS).  He sought as damages treble the amount of money remitted to the IRS.  We affirm.

*Summary Judgment*

We review a traditional motion for summary judgment, such as that before us, under the standard set forth in *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546 (Tex. 1985).  We next note that the IRS may levy upon all property and rights to property upon which there exists a lien for unpaid taxes.  26 U.S.C.A. §6331(a) (West Supp. 2007).  Furthermore, anyone possessing such property upon which a levy has been made must surrender it "except [for] such part of the property or rights as is, at the time of such demand, subject to an attachment or execution under any judicial process."  *Id.* §6332(a) (West 2002).  Failing or refusing to surrender the property makes the stakeholder personally liable to the government for the value of the property withheld.  *Id.* §6332(d).  However, surrendering the property "discharge[s] [the stakeholder] from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment."  *Id.* §6332(e).  In other words, the IRS can levy upon property encumbered by a lien for unpaid taxes.  If the person holding the property does not release it, he becomes personally liable to the government for the value of the property held.  But, if he turns it over, then he is insulated from liability to the tax debtor.

Not only is the foregoing statute and procedure constitutional, *United States v. National Bank of Commerce,* 472 U.S. 713, 721, 105 S.Ct. 2919, 2925, 86 L.Ed.2d 565 (1985), but also the options available to the party holding the property are limited.  Either he can release it, illustrate that he does not possess it, or show that it is subject to a prior

2

judicial attachment or execution. *United States v. National Bank of Commerce,* 472 U.S. at 721-22, 105 S.Ct. at 2925.

The record at bar contains no evidence suggesting that those who Cross sued either lacked possession of the money subjected to levy or that the money was subject to a prior attachment or execution. Thus, neither USAA nor its employee (May) could challenge the validity of the levy. *Moore v. General Motors Pension Plans,* 91 F.3d 848, 851 (7th Cir. 1996). And, in abiding by the levy, both USAA and May were relieved of any obligation or liability to Cross arising from the act of surrendering the property. *Jones v. Bass,* 343 F.Supp.2d 1066, 1070 ( D. Wyo. 2004), *aff'd,* No. 04-8113, 2005 U.S. App. LEXIS 19187 (10th Cir. September 2, 2005), *cert. denied,* 547 U.S. 1019, 126 S. Ct. 1573, 164 L.Ed.2d 299 (2006). So, and as a matter of law, Cross could not recover from either USAA or May for the purported breach of contract underlying his suit or any other claim tied to honoring the levy, and summary judgment in favor of the two defendants was proper.[1]

*Motion for Sanctions*

Also pending before us is the motion for sanctions filed by USAA and May. The latter two contend that they are entitled to reasonable attorney's fees and court costs as sanctions for responding to a frivolous appeal. Assuming *arguendo* that the appeal was frivolous, we have no evidence before us of what a reasonable attorney's fee would be in responding to the appeal. So, we have no basis upon which to award any fees. As for

---

[1] Our holding also includes the allegation that USAA and May somehow admitted liability because they did not respond to various written demands Cross made. Simply put, federal statute negated the claims underlying his demands. So, there was nothing to support them.

court costs, they are normally levied against the losing party.  So, because Cross is the losing party here, it matters not whether the appeal was frivolous.

Accordingly, the judgment of the trial court is affirmed.


Per Curiam